### CLEAR CREEK LAND & DITCH COMPANY v. KILKENNY.

PLEADING—RIGHT OF WAY FOR DITCH—ENLARGEMENT—DAMAGES TO LAND BY SEAPAGE—PUBLIC LANDS.

1. In an action for damages to land arising on account of the construction and maintenance of an irrigating ditch, caused by the construction of said ditch and also by means of the seapage of water through the soil, an allegation in the petition that the plaintiff has suffered damage by reason of the construction and enlargement of the ditch in a specific sum in loss of crops, and that his property has been further depreciated to a certain amount thereby, is sufficient allegation of damage.

2. The land owner in possession of the land under a desert entry, at the inception of the water right of the ditch

owner did not lose his claim for damage for the right of
way taken for the ditch because he thereafter and contem-
poraneously relinquished his said entry and filed upon the
land as a homestead. There was no interval of time when
he was not in lawful possession of the land, and entitled to
the use and profits thereof.

3. If right of way, for the ditch, was acquired as first con-
structed, that would give no right to subsequently enlarge
the ditch to the damage of an owner of lands through which
it passes. For such damage the ditch owner would be lia-
ble.

[Commenced in District Court November 9, 1889—Decided June 6,
1894.]

ERROR to District Court for Johnson County, HON. JOHN
W. BLAKE, Judge.

Orrin C. Kilkenny brought this action to recover damages
for the construction of an irrigating ditch, without his prior
consent, across lands claimed to be owned by him, and for
injury to his said lands on account of the seepage of water
from the ditch. The prayer of the petition was: 1. For
$1,450 damages. 2. Injunction against maintenance of the
ditch as enlarged, or in lieu thereof, further damages. 3.
Such further relief as plaintiff might be entitled to.
There was considerable testimony on both sides re-
specting whether or not the seepage came from the ditch of
defendant. There was another ditch in the neighborhood,
and it was claimed on behalf of defendant that the damage by
water was not caused by its ditch or the water flowing therein.
The damage to the land was caused by the formation of alkali,
alleged to result from the presence of an unusual and injuri-
ous quantity of water percolating through the soil. About
November 1, 1883, the plaintiff entered the lands under the
Desert Land act of the United States. He failed to conduct
water upon the land, and in the fall of 1886 he relinquished
that entry and filed a homestead, making final proof in Feb-
ruary, 1889. It was claimed by defendant that not later than
the spring of 1883 a survey was made for its ditch, which ran
across a corner of the land in question; that, in 1884, about

the time the ditch was completed, the owners formed the corporation, which succeeded to the rights of the individuals constructing the ditch. Some of the work was claimed to have been done in 1883 prior to the inception of any right in Kilkenny; but it was not clear whether the work had reached his land at the time he went into possession. Defendant also claimed that the evidence did not establish that the water came from its ditch from any point on the plaintiff's land, even if it had its source anywhere in said ditch.

Judgment went for plaintiff. Defendant prosecuted error.

*Carroll H. Parmelee,* and *Potter & Burke,* for plaintiff in error.

The right of way for ditches across public lands is acknowledged by Act of Congress (U. S. Rev. S., sec. 2339). Kilkenny obtained title to the land under a homestead filing made in 1886, after the ditch was constructed across the land. Whatever right he had formerly obtained under the desert entry had been relinquished. The ditch was, therefore, lawfully built over public lands of the United States. If a settler is in possession the damages he is entitled to are only such as affect his possession, not for the land itself, under Sec. 2339 above. Settler means, also, one who is rightfully on the land. The enlargement of the ditch did not afford any right to damage for right of way. That had already been acquired. In this action the court had no authority to render judgment for any consequential injury. The action was for trespass in crossing the land. Such injuries as those caused by seapage after ditch is built are not proper elements of damage in such an action as this. (Lewis on Em. Domain, 154, 482, 565, 567, 574; Bailey v. Miller, 3 Hill, 531; Jones v. R. R. Co., 68 Ill., 380.) Where a ditch is lawfully constructed, no liability to respond in damages for seepage exists, except in case of negligence. (1 Addison Torts, 3; Cooley on Torts, pp. 80, 81; Losee v. Buchanan, 51 N. Y., 476; Marshall v. Welwood, 38 N. J. L., 339; Proctor v. Jennings, 6 Nev., 83; Campbell v. Bear River, etc., Co., 36 Cal., 679; Todd v. Cochell, 17 id., 97; Wolfe v. Water Co., 10 id., 541; Hoyt v. Hudson, 27 Wis.,

656; Livingston v. Adams, 8 Cow., 175; Elster v. Springfield, 49 O. St., 82; Hazard Powder Co. v. Volger, 3 Wyo., 189.) Statutes which provide for similar liability in the absence of negligence have uniformly been held unconstitutional. (Zeigler v. R. R. Co., 58 Ala., 594; R. R. Co. v. Lackey, 78 Ill., 55; Cateril v. R. R. Co., 2 Idaho, 540; Jensen v. R. R. Co., 6 Utah, 253; Bielenberg v. R. R. Co., 8 Mont., 271; Ry. Co. v. Smalley, 1 Wash. St., 206; East Kingston v. Toole, 21 N. H., 57; R. R. Co. v. Batty, 6 Neb., 37; R. R. Co. v. Borgeons, 66 Miss., 3; see Sec. 535 Rev. Stat. as to liability of ditch companies.) Crossing the lands with the ditch was a lawful act even without compensation. It is absolutely impossible to determine from the testimony that the damage arose from the ditch in question. There is no basis in the evidence for any allowance for right of way. The amount of ground taken was not proven, nor its value, or what the damage was to the claimant's ownership. The damages awarded are excessive.

*Charles H. Burritt,* and *Lacey & Van Devanter,* for defendant in error.

The right of way for the ditch as originally constructed, would not inure to the benefit of any enlargement. (Darlington v. Painter, 7 Pa. St., 473; Washburn's Easements, p. 55, 155; LaFayette, Etc., v. Murdock, 68 Ind., 137.) The enlargement, and the operation of the ditch as so enlarged, was without right, and was a trespass, and therefore the ditch owner is responsible for all injuries to the land owner. Even if rightful, a foreign substance—water—was brought upon the right of way, by artificial means, likely to do mischief to others, and the ditch owner was bound to take care of it at his peril and see that it did not injure his neighbor. (Fletcher v. Rylands, L. R., 1 Exch., 265; Rylands v. Fletcher, 3 id., 352; Sylvester v. Jerome, 19 Colo., 128; Parker v. Larsen, 86 Cal., 236; Wilson v. New Bedford, 108 Mass., 261; Mears v. Dole, 135 id., 508; Parker v. R. R. Co., 3 Cush., 107; Pixley v. Clark, 35 N. Y., 520; Boynton v. Longley, 19 Nev., 69; Ogburn v. Connor, 46 Cal., 347; Cahill v. Eastman, 18 Minn.,

324; Knapheide v. Eastman, 20 id., 478; R. S., Sec. 1318; Wadsworth v. Ry. Co., 18 Colo., 600.)

CONAWAY, JUSTICE.

Defendant in error brought his action as plaintiff in the court below to recover damages caused by plaintiff in error in constructing, enlarging and maintaining an irrigating ditch across land of defendant in error. His alleged cause of action sufficiently appears from the following allegations taken from his petition:

"That on or about the 10th day of May, A. D. 1884, the defendant constructed or caused to be constructed a certain irrigating ditch or canal through the lands of plaintiff hereinbefore described, and without the consent of said plaintiff, which ditch or canal is about the dimensions as follows, to wit: width on the bottom six feet, depth two feet. That afterwards and on or about the 12th day of May, A. D. 1887, the said defendant while the said plaintiff was the owner of and in possession of said lands and premises, without his consent and contrary to his instructions and against his protest, entered upon the lands of this plaintiff and enlarged the said ditch making the said ditch 7 feet on the bottom, 12 feet wide on the top and thirty inches deep and enlarging it to its present carrying capacity, which is nearly double its former capacity, and ever since and now has maintained said irrigating ditch across the land of said plaintiff hereinbefore described and without having any authority or license from plaintiff so to do."

The statement of damages appears from the following language of the petition:

"That the said plaintiff has already suffered damage by reason of the construction and enlargement of said ditch to the amount of two hundred dollars in the loss of crops, and his property has further been depreciated to the amount of $1,250 thereby."

The defendant (Plaintiff in error) answered denying its liability, and there was a trial to the court, a jury being waived.

The trial court finds:

"That the said plaintiff is entitled upon the pleadings and the proof herein to $100 his damages against the said defendant on account of the construction, operation and maintenance of said defendant's ditch across plaintiff's said land; also to $625.00 his damage against said defendant sustained by reason of seepage from said defendant's ditch upon the said lands of said plaintiff."

And this damage is stated to be "in lieu of compensation for the right of way of said ditch through the plaintiff's said land, as the same is now constructed, and in lieu of the injunction prayed for in plaintiff's petition to restrain the defendant from the maintenance of said ditch in its present capacity as now carried on and operated."

A question is raised in argument as to the sufficiency of the petition to sustain these findings and the resulting judgment. The language as quoted above is certainly broad enough to cover the damages allowed.

It is urged that part of the damages allowed is for land taken as right of way and that there is no evidence showing the value of such land. As to this it is to be said there is evidence tending to prove all the damage allowed and more. This court cannot assume that the trial court allowed damage not proven and refused to allow damage proven.

It is further urged on behalf of plaintiff in error that it acquired the right of way for its ditch over the land now belonging to defendant in error when this land was public land of the United States, and that the right and interest of defendant in error in and to the land is subject to this right of way. The evidence does not sustain this contention. The inception of the water right of plaintiff in error, without which no right of way for the irrigating ditch to carry the water could exist, arose by appropriation of the water by plaintiff in error on May 10, 1884. At that time and for months before defendant in error was in lawful possession by virtue of an entry under the laws of the United States for the reclamation of desert lands. It was not public land. Defendant in error in 1886 relinquished this entry and at the same time made a homestead entry of the same land. It is claimed that on the relin-

quishment of the desert land entry the land became public land of the United States, and a right of way at once vested in plaintiff in error for its ditch under the laws of Congress giving right of way for such ditches over the public lands. As to this it is to be observed that the relinquishment of the desert entry and the initiation of the homestead entry were contemporaneous. There was no interval of time when defendant in error was not lawfully in possession of the land and entitled to the use and profits thereof. Besides, the evidence tends to prove that the damage proven, and for the recovery of which this action was brought, resulted from the enlargement of the ditch in 1887. If plaintiff in error ever acquired the right of way for its ditch as constructed in 1884, that would give no right to enlarge the ditch to the damage of defendant in error in 1887. For such damage plaintiff in error would be liable. Rylands v. Fletcher, 1 L. R., 3 Ex., 352; Sylvester v. Jerome (Colo.), 34 Pac., 760; Parker v. Larsen, 86 Cal., 236; Pixley v. Clark, 35 N. Y., 520; Cahill v. Eastman, 86 Minn., 324; Mears v. Dole, 135 Mass., 508; Sturr v. Beck, 133 U. S., 541; Darlington v. Painter, 7 Pa. St., 473; R. R. Co. v. Murdock, 68 Ind., 137; Washburne Ease. & Serv., Sec. 19 and 56.

The judgment of the district court is affirmed.

GROESBECK, C. J., and CLARK, J., concur.