## COLLETT ET AL. v. MORGAN.
### (No. 704.)

WATER AND WATER RIGHTS—APPROPRIATION—PRIORITY—ADJUDICATION—OWNERSHIP OF DITCH—BOARD OF CONTROL—JURISDICTION.

1. A desert entryman purchased in 1888 the right of way for and constructed an irrigating ditch, conducted water upon and reclaimed the land, filed a statement of appropriation of water through said ditch for said land, according to the law then in force, and also made final proof of the desert entry, but thereafter until 1897 only a small portion, if any, of the tract was irrigated. In 1901 a purchaser of the land irrigated and cultivated it by means of said ditch until 1906, when he sold to other parties, who were in possession and using the ditch and water for irrigating the land at the time of the hearing before the board of control for the purpose of adjudicating the various priorities of right to the use of water from the stream supplying said ditch. In the meantime other parties had applied to the state engineer for permits to appropriate water for other lands, without disclosing that the appropriation was intended to be made by means of the ditch aforesaid, one of said applicants having also obtained permission from the first purchaser of the ditch and the lands embraced in

said desert entry to use the said ditch and water when not used by the one granting the permission. *Held,* that, since the desert entryman, who had constructed the ditch and first appropriated the water, had complied with the law in force at the time, and reclaimed and cultivated the land, and purchased the right of way for and constructed the ditch, and the right to such water had not been declared forfeited, the grantees of the land, who were in possession of the ditch at least jointly with another party, and had been for years using it to irrigate their land, were entitled to a certificate of appropriation of water through the ditch in question, and it was error for the board of control, and the district court on appeal, to deny such certificate of appropriation.

2. In adjudicating the various priorities of rights to the use of water from a stream the board of control has no power to determine the disputed ownership or right to the use of a ditch through which appropriations are claimed to have been made by the contending parties, although, in granting a certificate of appropriation, it should appear that the party has the means of conducting the water from the source of supply to the place of application; the duties of the board of control are confined to the distribution of the waters of the state between the several appropriators, the granting of permits to use such waters for beneficial uses, to grant certificates therefor and the general supervision of such waters.

3. Where there is a dispute between two or more rival appropriators of water as to the ownership and right to the use of a ditch through which each party claims his appropriation to have been made, the question as to the ownership of the ditch cannot be finally settled by the board, but must be settled by the agreement of the parties or in a proper proceeding in a court of competent jurisdiction.

[Decided December 9, 1912.]        (128 Pac. 626.)

[Opinion modified and rehearing denied January 29, 1913.]        (129 Pac. 433.)

ERROR to the District Court, Uinta County; HON. DAVID H. CRAIG, Judge.

The material facts are stated in the opinion.

*T. S. Taliaferro, Jr.,* and *W. A. Muir,* for plaintiffs in error.

The property right of a ditch owner cannot be taken from him by any decree or order of the State Board of Control, nor can such owner be divested of his property in the ditch except in the manner provided by law and upon the payment of just compensation. The Board of Control has no jurisdiction to determine conflicting claims to the ownership of an irrigating ditch. (Hamp v. State, 118 Pac. 653; C. B. & Q. R. Co. v. McPhillamey, 118 Pac. 682.) The Board of Control specifically found that there had been no abandonment of the ditch on the part of Nina V. White or her successors in interest, the finding in that particular reciting that all of the parties had used 'the ditch in proportion to their respecive needs. It is clear that the board and court erred in denying a certificate of appropriation to the plaintiffs in error. Their right to use the ditch was clearly established, as well as the fact of the use of the water by them and their predecessors in interest.

*J. H. Ryckman,* for defendant in error.

No questions of law appear to be involved, and all the issues of fact were found by the Board of Control and by the District Court in favor of the defendant in error. The findings are sustained by abundant evidence, and ought not, therefore, to be disturbed by this court. There is no such thing as a water right without a ditch through which to conduct the water, and when the board found that the defendant in error had a water right, it follows that it also found that the water was diverted where the defendant in error claimed he had diverted it. While the board does not try and determine the title to lands or rights of way or easements, it does adjudicate water rights, and, therefore, must necessarily determine everything incidental thereto. The irrigation of the land of plaintiffs in error was not constant, but intermittent and spasmodic, and the board very properly found that they were not entitled to a water right

BEARD, CHIEF JUSTICE.

This case comes to this court from a decision of the District Court of Uinta County affirming the order and findings of the Board of Control in the following cases, viz: William Morgan, Sr., contestant, v. Sylvester Collett and T. K. Collett, contestees; William Morgan, Sr., contestant, v. Fred Roberts, contestee; and T. K. Collett, Sylvester Collett and Fred Roberts, contestants, v. William Morgan, Sr., contestee; and involving the adjudication of the rights of the appropriators of the waters of Bear River and its tributaries, made by said board December 21st, 1908. The facts out of which the several contests arose being substantially alike, they seem to have been considered together by the board and a single order made covering all of them, and were submitted on appeal to the District Court in the same way and are so submitted here. The evidence was taken before Pitt Covert, a superintendent of one of the water divisions of the state, and submitted in writing to the board and to the District Court. The facts as shown by the evidence are substantially as follows: In 1888 Nina V. White procured by purchase the right of way for and constructed the North Cokeville Ditch, which is the ditch in question in this case, and in the same year by means of said ditch conducted water upon and made final proof of her desert entry, consisting of the SE¼ of the SE¼ of Section 6, and the E½ of the NE¼ of Section 7, in Township 24 North of Range 119 West, in Uinta County. In the same year she filed in the office of the County Clerk of Uinta County her statement and claim of appropriation of water through and by means of said ditch for the irrigation of said lands, according to the law then in force. In the same year she conveyed to one Tanner one acre of said tract, which he irrigated from that time up to 1901, using said ditch for that purpose. In 1890, White gave Sylvester and T. K. Collett permission to use the ditch to irrigate lands lying north of the White lands. Little, if any, of the White tract, except the Tanner acre, was irrigated between 1888

or 1889 until about 1897, when one Stoner rented it, fenced it and used it for a pasture, using the ditch for watering his stock and at times turning water on a portion of it. It was so used by him for several years. In 1901, Kinney purchased the White tract, irrigated and cultivated it, using the ditch and the water therein for that purpose each year thereafter until 1906, when he sold to Sylvester and T. K. Collett and Fred Roberts, who were in possession and using the ditch and water for irrigating the land at the time of the hearing before the board. On August 26, 1904, Kinney filed an application in the office of the State Engineer for an appropriation of water for the irrigation of the White tract, which application was accompanied by letters stating that it was made to establish the right acquired or attempted to be acquired by White in 1888. The State Engineer, as stated in the findings of the board, held this application until November, 1908, "because of the complications in the ownership of the ditch," when he returned it to the engineer who had made the survey. In 1898 one Rowe made homestead entry on the W½ of the NE¼ and the SE¼ of the NW¼ of Section 7, Township 24 North, Range 119 West, and made application to the State Engineer for a permit for water to irrigate the same. This application did not disclose that it was identical with the North Cokeville Ditch. A permit was granted by the State Engineer; but Rowe never made proof of completion of the ditch or application of water to the land. He sold the land to Anderson in 1899. Anderson sold to Stoner in 1901, and Stoner sold to Wm. Morgan, Sr., in 1902. Some five or six acres of this tract was irrigated by means of the ditch in question in 1899. On June 4, 1904, Morgan, Sr., made an application for water for the Rowe tract, but without disclosing that the proposed ditch was in fact the North Cokeville Ditch. A permit was accordingly granted by the State Engineer. The evidence tends to show that in 1904, Morgan, Sr., got permission from Kinney to use the ditch and water when not used by Kinney. There is no evidence tending to show that

Rowe or any of his grantees ever purchased or acquired any interest in the ditch or the right of way for the same from White or any of her grantees, or that either of them had any right to use it except by express permission of White or her grantees or by their tacit consent, other than the attempted appropriation of it by Morgan, Sr., through his application for a permit made to the State Engineer and the granting of the same by that officer. The board further found "that the supply of Smith's Fork (the tributary of Bear River and the source of supply for the ditch aforesaid) being ample for all of these lands removes from this case any contest as to the division of the public waters of the state"; and "that the parties hereto have been using the North Cokeville, White, Morgan or Rowe Ditch jointly, alhough with some friction." The board granted a certificate of appropriation of water through said ditch to William Morgan, Sr., for his lands and denied Sylvester Collett, T. K. Collett and Fred Roberts the right to the use of any water for their respective tracts.

In so doing we think the board erred, and the District Court erred in affirming the order of the board. Nina V. White had complied with the law in force at the time she filed her statement and claim for a water right. The water had been applied to the land and the land reclaimed and cultivated thereby. Her right had never been declared forfeited nor had any attempt been made by any one or the state to do so. She had purchased the right of way for and had constructed the ditch. Her grantees, including the Colletts and Roberts, had been and were in possession of the ditch, at least jointly with Morgan, Sr., and were and had been for years using it to irrigate their lands. Why they should be denied a certificate of appropriation of water through the ditch in question, and Morgan, Sr., granted one, we are unable to see upon any principle of right or justice. The Board of Control had no power or authority to determine as between the parties the ownership or right to the use of the ditch. Its duties are confined to the distribution of

the waters of the state between the several appropriators, the granting of permits to use the waters of the state for beneficial uses, to grant certificates therefor and the general supervision of such waters. Of course, in granting a certificate of appropriation, it should appear that the party has the means of conducting the water from the source of supply to the place of application. In the present case the parties were and for a number of years had been using the ditch jointly, each claiming the right to do so; and if that was considered by the board as sufficient to entitle one of them to a certificate of appropriation it was sufficient for each and all of them. There being a dispute between the parties as to the ownership and right to the use of the ditch, that question could not be finally settled by the board, but must be settled by the agreement of the parties or by a proper proceeding in a court of competent jurisdiction.

The judgment of the District Court is reversed and the case remanded with directions to set aside the decree heretofore entered in the case and to enter a decree establishing the respective rights of Sylvester Collett, T. K. Collett and Fred Roberts to the use of sufficient water to irrigate their respective parts of the White tract, not exceeding the ratio of one cubic foot of water per second of time for seventy acres. Said rights to have priority as of date July 18th, 1888, the date of the filing of Nina V. White's claim.

*Reversed.*

SCOTT and POTTER, JJ., concur.


ON PETITION FOR REHEARING.

BEARD, JUSTICE.

The defendant in error has filed a petition for a rehearing in this case, in which it is urged that the court erred in reversing the judgment of the District Court in toto, and that the effect of our decision is to deprive him of a water right. Such was not our intention; but we confess the language used in the opinion is subject to that construction. Counsel for plaintiffs in error did not contend, either in

his brief or oral argument, that defendant in error was not entitled to an appropriation of water, but that the Board of Control and the District Court erred in refusing certificates of appropriation of water to plaintiffs in error for their respective portions of the Nina V. White tract of land and in determining that defendant in error was entitled to the use of the ditch in question. We were of the opinion that on the record presented the plaintiffs in error were entitled to certificates of appropriation for sufficient water to irrigate their lands with date of priority as stated in the opinion and that the Board of Control was without authority to determine the ownership or right to the use of the ditch between the parties, and that on those questions—the only ones urged in this court—the board erred and the District Court erred in affirming the decision of the board, and to that extent the judgment should be reversed. The writer of that opinion, and of this, inadvertently failed to clearly state the conclusions reached by the court. The last paragraph of the opinion is withdrawn and the following substituted therefor:

The judgment of the District Court is reversed in so far as it attempts to determine the ownership or right to the use of the ditch in question and in so far as it denies to plaintiffs in error appropriations of water; and the cause is remanded to the District Court with instructions to vacate and set aside to that extent the judgment heretofore entered and to enter judgment establishing the respective rights of Sylvester Collett, T. K. Collett and Fred Roberts to the use of sufficient water to irrigate their respective parts of · the Nina V. White tract of land, not exceeding one cubic foot of water per second of time for seventy acres. Said rights to have priority as of date July 18th, 1888, the date of the filing of the Nina V. White claim therefor. The rights of the parties in the ditch in question, whether as owners or otherwise, being a question which the Board of Control could not settle in this proceeding is not determined, but is left to be settled by the agreement of the parties or

in a proper proceeding in a court of competent jurisdiction.
Plaintiffs in error will recover their costs in this court.

The opinion being thus modified, a rehearing is denied.

*Former opinion modified and rehearing denied.*

SCOTT, C. J., and POTTER, J., concur.