FREMONT LODGE NO. 11, INDEPENDENT ORDER
OF ODD FELLOWS v. BOARD OF COMMIS-
SIONERS OF FREMONT COUNTY.

(No. 716.)

APPEAL AND ERROR—TIME FOR PROCEEDING IN ERROR—LIMITATION.

1. Under the statute (Comp. Stat. 1910, Sec. 5122) prescribing
a limit of one year after the rendition of the judgment for
bringing a proceeding in error, or, where the person entitled
to such proceeding is an infant, a married woman, a per-
son of unsound mind, or in prison, then within one year,
as aforesaid, exclusive of the time of such disability, and
providing for an extension of time by the trial court upon
a sufficient showing that the party will be unavoidably pre-
vented from instituting a proceeding within the time spec-
ified, such period of limitation is to be computed from the
date of the actual rendition of the judgment, where no
motion for new trial was filed in the court below, and the
case does not fall within any of the exceptions mentioned
in the statute, or no application, as therein provided, was
made to the trial court for an extension of time.

[Decided April 7, 1913.]             (131 Pac. 62.)

ERROR to the District Court, Fremont County; HON.
CHARLES E. CARPENTER, Judge.

The action was brought by Fremont Lodge No. 11, of
the Independent Order of Odd Fellows, against the Board
of the County Commissioners of the County of Fremont,
and was heard in the court below upon an agreed statement
of facts resulting in a judgment entered of record on Janu-
ary 16, 1911, in favor of the defendant. The plaintiff
brought error.

*E. H. Fourt*, for plaintiff in error.

*R. B. Landfair*, County and Prosecuting Attorney of Fre-
mont County, for defendant in error.

(An abstract of the briefs is omitted for the reason that
they were confined to a discussion of the question raised by
the pleadings in the cause and presented by the agreed state-
ment of facts, and, without considering that question, the
proceeding in error was dismissed because not brought with-

in the time limited by the statute, and the Appellate Court was therefore without jurisdiction.)

SCOTT, CHIEF JUSTICE.

The plaintiff in error seeks by proceedings in error to reverse a judgment filed and entered of record on January 16, 1911, in the District Court of Fremont County.

It does not appear from the record here presented that there was any motion for a new trial filed or presented to the court below, and it follows that the judgment in so far as proceedings in error are concerned became final on the date above mentioned. (Conradt v. Lepper, 13 Wyo. 99, 78 Pac. 1, 3 Ann. Cas. 627.) The petition in error was filed in this court on April 16, 1912, or one year and three months after the judgment was rendered. Section 5122, Compiled Statutes, 1910, provides that "No proceeding to reverse, vacate, or modify a judgment or final order shall be commenced, unless within one year after the rendition of the judgment, or the making of the final order complained of; or, in case the person entitled to such proceeding is an infant, a married woman, a person of unsound mind, or in prison, within one year, as aforesaid, exclusive of the time of such disability; *Provided, however,* That the court rendering such judgment or making such final order, upon application of the party desiring to institute such proceeding and upon making to said court a sufficient showing that said party will be unavoidably prevented from instituting such proceeding within said time, shall, by an order duly entered of record, give to said party a reasonable extension of time, not exceeding eighteen months, within which to institute such proceeding." It does not appear from the record that this case falls within any of the exceptions contained in that section, or that there was any application made to the trial court for an extension of time within which to institute proceedings in error as therein provided. Upon this state of the record this court is without jurisdiction to entertain the attempted proceedings in error and the petition will be dismissed.                                            *Dismissed.*

POTTER, J. and BEARD, J., concur.