In the Matter of the FINAL PROOFS OF APPROPRIATION OF the FOLLOWING WATER RIGHTS: Permit No. 22864, Weber No. 1 Ditch, Permit No. 22865, Weber No. 2 Ditch, Permit No. 6266 Enl., Wayne Enl. Weber No. 2 Ditch, Permit No. 6267 Enl., Second Enl. Weber No. 2 Ditch,

In the Matter of the Amended Petition to change the Appropriation under the Weber No. 2 Ditch, Permit No. 22865, priority of March 5, 1968, from Supplemental Supply to Original Supply,

In the Matter of the Petition for partial change in means of Conveyance from Weber No. 2 Ditch, Permit No. 22865, priority March 5, 1968, diverting from Chugwater Creek to the Cooley Ditch from the same Source of Supply.

No. 4401.

Supreme Court of Wyoming.

Oct. 27, 1975.

William R. Jones, of Jones, Jones, Vines & Hunkins, Wheatland, for appellant, Bard Ranch, Inc.

Jack R. Gage, of Hanes, Carmichael, Johnson, Gage & Speight, Cheyenne, for appellees, Wayne A. Weber and Evelyn S. Weber.

Before McEWAN,* C. J., and GUTHRIE, McCLINTOCK and THOMAS, JJ., and ARMSTRONG, D. J., Retired.

ON PETITION FOR REHEARING

ORDER

GUTHRIE, Chief Justice.

This case came before the Court upon the Petition for Rehearing filed by the appellant, Bard Ranch, Inc., in which Bard Ranch, Inc., asserted that the opinion of this Court affirming the judgment of the district court in this case had the effect of granting to Wayne A. Weber and Evelyn S. Weber additional ownership in the Enlargement of the Chugwater Ditch No. 1. Bard Ranch, Inc., interpreted the affirmance, coupled with the language of the opinion, as authorizing the Webers to convey the waters represented by Permit Nos. 22864, 22865, 6266 Enl., and 6267 Enl. beyond the point where in the year 1920 the Cooley Ditch entered an existing ditch known as the Enlargement of the Chugwater Ditch No. 1. The Webers have filed no response to the Petition for Rehearing.

We do not agree that the effect claimed by Bard Ranch, Inc., flows from the language of the opinion, coupled with the affirmance. We do note that in the Webers' brief in this case the following language appeared referring to the water rights in issue here:

"* * * The Court should note here that a careful analysis of the two maps

---

* Now Judge of the Fourth Judicial District.

at pages 203 and 204 of the record reveals that the portion of the Cooley Ditch used by the Weber No. 1 and Weber No. 2 rights and their two enlargements lies between the headgate and the point of the confluence of the Cooley Ditch with the old Enlargement of the Chugwater No. 1 Ditch. The pump takeout from the Cooley Ditch for these rights is between ⅛ and ¼ of a mile upstream from the point where the Cooley and the Enlargement of the Chugwater No. 1 Ditch joined. Even if this Court were to reverse the District Court and determine in 4400 that the Cooley terminated at its old confluence with the Enlargement of the Chugwater No. 1, the grant in paragraph two of the Meglemre/Swan contract granted a geographically longer part of the ditch than that used by the Weber rights in issue here." (The Weber No. 1 and Weber No. 2 rights are the rights identified as Permit Nos. 22864, 22865, 6266 Enl., and 6267 Enl.) This statement was reiterated at oral argument, and the Court did not then hear it refuted by Bard Ranch, Inc. It may well be an accurate report of the facts of the Webers' irrigation activities.

Bard Ranch, Inc., now specifically calls the attention of the Court to an indication on p. 204 (the same page referred to in the Webers' brief) of the record that the Webers contemplated the conveyance of water for Permit No. 22865 beyond the point of confluence of the Cooley Ditch with the Enlargement of the Chugwater Ditch No. 1. From the record page referenced, it would appear that the terminal point for water conveyed for Permit Nos. 6266 Enl. and 6267 Enl. is extremely close to the point of confluence. Because Bard Ranch, Inc., is concerned over its question we do make it clear that this Court did not intend to afford to the Webers the right to convey water for these permits beyond the point of termination of the Cooley Ditch. The apparent reluctance of the Board of Control to adjudicate the permits sought by the Webers, because of the dispute over the Cooley Ditch, is resolved as well by the opinion of this Court as it was by the decision of the district court, and we see no need to reverse and remand the judgment of the district court which simply directs the Board of Control to proceed with the adjudication. That adjudication could not afford the Webers any additional right in the Enlargement of the Chugwater Ditch No. 1, and if the Webers desired such a right, it would be necessary for them to seek it elsewhere. *State v. Laramie Rivers Co.,* 59 Wyo. 9, 136 P.2d 487 (1943); *Linck v. Brown,* 55 Wyo. 100, 96 P.2d 909 (1939); *Bamforth v. Ihmsen,* 28 Wyo. 282, 204 P. 345 (1922), reh. den. 28 Wyo. 320, 205 P. 1004 (1922); *Collett v. Morgan,* 21 Wyo. 117, 128 P. 626 (1912), reh. den. 21 Wyo. 123, 129 P. 433 (1913); and *Laughlin v. State Board of Control,* 21 Wyo. 99, 128 P. 517 (1912), reh. den. 21 Wyo. 116, 131 P. 62 (1913). On the basis of the reasoning in the authorities cited, we positively state that such a right in the Webers cannot be found in or afforded by the affirmance of the district court judgment by this Court, and we conclude that affirmance should stand.

In view of the foregoing discussion, the Court concludes that a rehearing on the matter would not further clarify any issue not presented and fully considered, and

It hereby is ordered that the Petition for Rehearing be, and it hereby is denied.