**JOE JOHNSON COMPANY,**
Appellant (Plaintiff),

v.

**Jerry LANDEN, the Personal Representative of the Estate of James T. Morgan, Deceased, Appellee (Defendant),**

**Wyoming Production Credit Association of the Midlands, Appellee (Defendant Intervenor).**

No. 86–217.

Supreme Court of Wyoming.

June 24, 1987.

Rex E. Johnson, Wheatland, for appellant.

Jerry A. Yaap of Bishop, Bishop & Yaap, Casper, and W.H. Vines of Jones, Jones, Vines & Hunkins, Wheatland, for appellees.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

Appellant Joe Johnson Company filed a complaint in district court against James T. Morgan seeking a determination of the validity and enforceability of its certificate of appropriation for water in Platte County, Wyoming. Morgan filed an answer in which he alleged adverse possession, laches, and estoppel as defenses and a counterclaim in which he sought damages for trespass.

Prior to trial, the parties agreed to abandon all issues except for determinations as to the validity and enforceability of appellant's certificate of appropriation and Morgan's affirmative defense of adverse possession.

During the course of the litigation, Morgan died. Appellee Jerry Landen, personal representative of the Morgan estate, was substituted as party defendant. Additionally, after Morgan's death, appellee Wyoming Production Credit Association of the Midlands intervened as a party defendant.

Following a trial to the court on May 5, 1986, the court found that Morgan possessed the area designated as the Lowica Reservoir in a manner adverse to the rights granted appellant by the certificate of appropriation. On July 14, 1986, the court

filed its judgment and decree ordering, adjudging, and decreeing that appellant's certificate of appropriation of water for the Lowica Reservoir through the Lowica Ditch is not valid and enforceable against appellees, their successors, and their assigns.

We reverse.

The evidence before the district court showed that in 1918 the board of control issued a certificate of appropriation to appellant's predecessor in title for water flowing out of Fish Creek, a tributary of the North Laramie River, through the north and south branches of what is known as the Lowica Ditch and into the Lowica Reservoir. The water was appropriated for the purpose of irrigating approximately 315 acres of land located adjacent to the Lowica Ditch and Lowica Reservoir. At the time the certificate was issued, the lands upon which the Lowica Ditch and Lowica Reservoir were located had not yet been patented by the United State of America. Patents were subsequently issued subject to the certificate of appropriation.

In 1958, Joseph P. Johnson and Clara Lou Johnson purchased the acreage and the water rights covered by the certificate of appropriation. The Johnsons subsequently transferred their interest to appellant. Since 1959, when the diversion works were completed, the Johnsons have maintained the ditch. However, no water has ever been stored in the reservoir because its source, Fish Creek, is an intermittent stream with insufficient water to reach the reservoir except during periods of high runoff. The first known year that adequate runoff existed to fill the Lowica Reservoir was 1983.

In 1972, Morgan purchased the land upon which the Lowica Ditch and Lowica Reservoir are located. Prior to that time, Morgan's predecessor in title obtained a permit from the state engineer's office to drill a well on the land designated as Lowica Reservoir, and from 1973 to 1985, there being no water in the reservoir, Morgan grew alfalfa or hay on the land. The present dispute arose in 1983 when the runoff from Fish Creek was diverted away from the reservoir in order to protect Morgan's crops.

In its complaint against Morgan, appellant alleged that the diversion of water away from the reservoir interfered with the rights granted in the certificate of appropriation. In response, Morgan claimed that appellant was barred from asserting any interest in the water by virtue of Morgan's "actual, open, notorious, adverse, continuous and exclusive possession" of the reservoir for more than ten years.

The district court found that the certificate of appropriation gave appellant a valid water right in the Lowica Ditch and Lowica Reservoir but that, by maintaining a well and sprinkler system and planting, tending, and harvesting crops on the land constituting the reservoir, Morgan possessed the land in a manner adverse to appellant's right, thus extinguishing that right. On appeal to this Court, appellant in essence questions the district court's finding of adverse possession.

It is well established that to adversely possess real property, one must have " 'actual, open, notorious, exclusive, and continuous possession of another's real property for the statutory period, which possession is hostile and under claim of right or color of tile.' " *Sowerwine v. Nielson*, Wyo., 671 P.2d 295, 302 (1983), quoting *Farella v. Rumney*, Wyo., 649 P.2d 185, 186 (1982).

■ In the present case, the record demonstrates that appellant had a right to use the ditches and natural reservoir on Morgan's land. As long as Morgan did not interfere with appellant's use, Morgan could do as he pleased on his property. This included growing and irrigating crops. *White v. Wheatland Irrigation District*, Wyo., 413 P.2d 252 (1966).

■ There is uncontradicted testimony that Morgan seeded, tended, and harvested hay on the reservoir land and that he obtained a well permit, drilled a well, and installed a sprinkler system in order to irrigate the hay. However, there is no showing that Morgan's activities were separate and exclusive uses inconsistent with

appellant's right to use the reservoir for storage when water was available.

The trial court's finding that "[t]he storage of water on the lands would make it impossible to plow, cultivate, or grow crops on the land, or to operate a well or to operate the sprinkler irrigation system" may be correct, but these uses are not adverse to the use of, nor did they prevent appellant from using, the reservoir until 1983.

"The party claiming title by adverse possession carries the burden of proof as to each of the elements for the statutory period." *Sowerwine v. Nielson*, 671 P.2d at 302. Appellees failed to prove the essential element of exclusive possession.

Reversed and remanded with directions to enter a judgment and decree enjoining appellees from interfering with appellant's right to the use of its appropriation of water from Fish Creek and Lowica Reservoir through the Lowica Ditch for the irrigation of the lands described in the Certificate of Appropriation of Water, Certificate Record No. 38, Page 333.

THOMAS, J., filed a dissenting opinion in which URBIGKIT, J., joined.

THOMAS, Justice, dissenting with whom URBIGKIT, Justice, joins.

I would affirm the judgment of the trial court on the premise that Joe Johnson Company did not have a valid and enforceable certificate of appropriation which prevented it from acquiring an easement for its ditch or any property right for its reservoir. That resolution would make it unnecessary to consider the ramifications of adverse possession by James T. Morgan. Concededly, this disposition would be on a different ground than that invoked by the trial court. The rule is clear, however, that we can affirm the trial court for any proper reason even though that was not the basis for the decision by the trial court. *Walker v. Karpan*, Wyo., 726 P.2d 82 (1986); *Ely v. Kirk*, Wyo., 707 P.2d 706 (1985); *Walter v. Moore*, Wyo., 700 P.2d 1219 (1985); *Hurst v. State*, 698 P.2d 1130 (1985); *Anderson v. Bauer*, Wyo., 681 P.2d 1316 (1984); *Agar v. Kysar*, Wyo., 628 P.2d 1350 (1981); *Budd v. Bishop*, Wyo., 543 P.2d 368 (1975). The majority opinion notes that the parties went to trial on the issue of the validity and enforceability of the appellant's certificate of appropriation. While the parties did not focus upon that issue in this court, and apparently did not in the trial court, I am satisfied that the appellant did not have a valid and enforceable certificate of appropriation.

Even though the majority decided to reverse on the question of adverse possession, I would not consider that to be the pertinent issue. Furthermore, the adverse possession disposition leads to an inequitable result. In this regard, I note from the record that the appellant did not use the Lowica Reservoir nor the Lowica Ditch for the intended purpose until 1983, and apparently, the appellant does not intend to use the ditch and the reservoir for such purposes in the future. At trial, the testimony was that the only means of getting water out of the reservoir would be a pumping system, and a principal officer testified for the appellant:

"* * * But I don't know that, if I got the reservoir full, that I would pump it continually or year after year into the sprinkler. I might change its use to some other use—to get the lands underneath the sprinkler unadjudicated for that reservoir, and use the reservoir for some other purposes. Or sell it to someone, just like I sold a reservoir north of Wheatland along I–25 to the Game and Fish Commission. I have been very disappointed in this project, that I haven't been able to make it more economically effective to the ranch."

The record also is clear that the appellant now has acquired the water rights to underground waters for the purpose of irrigating the same 315 acres for which the certificates of appropriation for the Lowica Ditch and Lowica Reservoir were intended.

By contrast, the appellee has expended considerable time and financial resources in irrigating and planting crops on the land which is the claimed site of the Lowica Reservoir. Equity demands a conclusion that the appellee's land not be burdened

with the rights claimed for the reservoir and the ditch under the circumstances of this case. See *Lewis v. State Board of Control*, Wyo., 699 P.2d 822 (1985); *Sturgeon v. Brooks*, 73 Wyo. 436, 281 P.2d 675 (1955), in which the court discussed, although it did not apply, the doctrine of equitable estoppel. In this case, there is no need to invoke equitable doctrines because the appellant has no legal interest in the appellee's lands.

It is clear that in Wyoming the action of the state engineer in granting a permit for a reservoir or a ditch, or a certificate of appropriation for water rights in relation to a ditch and a reservoir, does not serve to convey any interest in the land upon which the reservoir or ditch may be located. *Bard Ranch, Inc. v. Weber*, Wyo., 538 P.2d 24, reh. denied sub nom *Matter of Final Proofs of Appropriation of Following Water Rights*, 541 P.2d 791 (1975); *Laughlin v. State Board of Control, et al.*, 21 Wyo. 99, 128 P. 517 (1912), reh. denied 21 Wyo. 116, 131 P. 62 (1913); McLean *Record Title to Water and Ditch Rights*, 6 Wyo. L.J. 200 (1952). The Board of Control does not have the constitutional authority to resolve any dispute concerning interests in the land traversed by a ditch or underlying a reservoir. *Collett, et al. v. Morgan*, 21 Wyo. 117, 128 P. 626 (1912), modified and reh. denied 21 Wyo. 123, 129 P. 433 (1913). See also *Laughlin v. State Board of Control*, supra, 21 Wyo. at 113, 128 P. at 519 ("The title to the proposed reservoir site, or the right of way for the supply ditch, or the written consent of the owners of a ditch already constructed to enlarge and use it for supplying the reservoir and the title to the land proposed to be irrigated were matters not required * * * in this [reservoir permit] application."). The applicant for the permit or certificate must assume the burden of acquiring a sufficient interest in

the land for the ditch or reservoir independent from the application or certification procedure. *Laughlin v. State Board of Control, et al.*, supra.

The record discloses that the validity and enforceability of the appellant's interest depend upon the interest acquired by the appellant's predecessor in title, Louis Todd. The state engineer issued three certificates of appropriation to Louis Todd on November 30, 1917. The first had a priority date of May 21, 1910 and adjudicated water rights to 404.64 acre feet of water to be impounded in the Lowica Reservoir.[1] The second appropriation was given a priority date of October 1, 1913, and it was issued for the Lowica Supply Ditch without any specified quantity for the ditch. The third certificate granted a right to divert 4.5 cubic feet per second from Fish Creek through the Lowica Reservoir for the purpose of irrigating the 315 acres of land which the appellant now owns.

Louis Todd did not obtain title to the land which he proposed to irrigate until January 6, 1919, when he received a patent for the land from the United States.[2] At that time, the proposed reservoir and ditch were situated on unpatented land owned by the United States of America. After Todd obtained his patent to the 315 acres, patents were issued to other individuals for the land which would be utilized for the reservoir and the ditch on January 29, 1919, August 29, 1919, September 8, 1921 and January 30, 1924. These patents were issued under the authority of the Homestead Act, derived from Acts of May 20, 1862, ch. 75, § 2, 12 Stat. 392; March 21, 1864, ch. 38, § 2, 13 Stat. 35; June 21, 1866, ch. 127, § 2, 14 Stat. 67; June 22, 1874, ch. 394, 18 Stat. 192; March 3, 1875, ch. 131, §§ 15, 16, 18 Stat. 420, 43 U.S.C.A. § 162, as amended by later acts of Congress and ultimately

---

1. The record does not disclose whether Todd applied for a permit to construct the reservoir which would be the normal practice. Such a permit may not have been necessary because the Lowica Reservoir is a natural depression, and no construction of a dam was contemplated. Normally, at least a diversion system would have been constructed, but that did not occur either.

2. We have held that the owner of a reservoir does not have to hold any interest in the land upon which the water is to be applied to beneficial use. *Scherck v. Nichols, et al.*, 55 Wyo. 4, 95 P.2d 74 (1939).

repealed by Pub.L. 94–579, Title VII, § 702, Oct. 21, 1976, 90 Stat. 2787, and they contained the standard reservation clause:

" * * * [S]ubject to any vested and accrued water rights for mining, agricultural, manufacturing, or other purposes, and rights to ditches and reservoirs used in connection with such water rights, as may be recognized and acknowledged by the local customs, laws and decisions of Courts; * * *."

In previous opinions, this court has referred to the two federal statutes which provide for the reservation of an interest on unpatented lands of the United States for purposes of reservoirs and ditches to be used in connection with a state-granted water right. *Sturgeon v. Brooks*, supra; *Johnson Irrigation Company v. Ivory*, 46 Wyo. 221, 24 P.2d 1053 (1933); *Bucknum v. Johnson*, 21 Wyo. 26, 127 P. 904 (1912); *C.,B. & Q. R.R. Company v. McPhillamey*, 19 Wyo. 425, 118 P. 682 (1911); *Clear Creek Land and Ditch Company v. Kilkenny*, 5 Wyo. 38, 36 P. 819 (1894). Title 43 U.S.C.A. § 661 (West 1986), derived from Act July 26, 1866, ch. 262, § 9, 14 Stat. 253, and Act July 9, 1870, ch. 235, § 17, 16 Stat. 218 (hereinafter 43 U.S.C.A. § 661), provides that the United States will recognize an interest in unpatented federal land for the purpose of constructing reservoirs and ditches, and those rights will be preserved in subsequent patents issued by the United States if the interest is recognized under

state law. Title 43 U.S.C.A. §§ 946–949 (West 1986), Act of March 3, 1891, ch. 561, §§ 18–21, 26 Stat. 1095, 1101–1102, repealed in part by Pub.L. 94–579, Title VII, § 706(a), Oct. 21, 1976, 90 Stat. 2793 (hereinafter 43 U.S.C.A. §§ 946–949), also provide for obtaining a similar interest on unpatented federal land by filing certain documents with the Secretary of the Interior at a local land office. These statutory provisions are quoted in full in *Sturgeon v. Brooks*, supra.[3] The opinion in *Sturgeon v. Brooks*, supra, makes it clear, however, that the adoption of 43 U.S.C.A. §§ 946–949, did not result in the method of filing with the Secretary of Interior at the land office being the exclusive means of obtaining an interest for constructing reservoirs and ditches on unpatented federal land. We cited several cases in that decision which held that 43 U.S.C.A. § 661 was not repealed by the passing of 43 U.S.C.A. §§ 946–949.

" 'The appellant may claim through either or both of these sources. In other words, the Act 1891 [43 U.S.C.A. §§ 946–949] does not repeal sections 2339 and 2340, [43 U.S.C.A. § 661] supra, but is simply a method of acquiring a more extensive and secure right than as gotten through these sources.' " *Sturgeon v. Brooks*, supra, 281 P.2d at 681, quoting *Gila Water Company v. Green*, 27 Ariz. 318, 232 P. 1016, 1018 (1925).[4]

---

**3.** Upon the passage of 43 U.S.C.A. §§ 946–949, the common, if not preferable, practice was for applicants to utilize the filing provision described in that statute. See *Sturgeon v. Brooks*, 73 Wyo. 436, 281 P.2d 675 (1955); *Johnson Irrigation Company v. Ivory*, 46 Wyo. 221, 24 P.2d 1053 (1933).

**4.** An interesting dispute is reflected concerning whether a different interest was conveyed depending upon which of the federal statutes was invoked. The interest created pursuant to 43 U.S.C.A. § 661 generally has been understood to be an easement or right-of-way for a particular purpose. See, e.g., *Laughlin v. State Board of Control, et al.*, 21 Wyo. 99, 128 P. 517 (1912); C. Kinney, The Law of Irrigation and Water Rights, §§ 931–935 at 1642–1653 (1912). The interest arising under 43 U.S.C.A. §§ 946–949, however, may have been different. In *Johnson Irrigation Company v. Ivory*, 46 Wyo. 221, 24 P.2d 1053 (1933), this court said that "[i]t has been declared by the highest authority that the

right of way intended by the Act of March 3, 1891, [43 U.S.C.A. §§ 949–949] is not a mere easement, but a limited fee. *Kern River Co. v. United States*, 257 U.S. 147, 152, 42 S.Ct. 60, 62, 66 L.Ed. 175 [ (1921) ]." In that case, 257 U.S. at 152, 42 S.Ct. at 62, the Supreme Court of the United States described the interest created under 43 U.S.C.A. §§ 946–949 in this way:

"* * * The right of way intended by the Act was neither a mere easement nor a fee simple absolute, but a limited fee on an implied condition of reverter in the event the grantee ceased to use or retain the land for the purpose indicated in the act."

See also 36 U.S.Pub.Land Dec. 567 (1908); Contra *E.E. Eggebrecht, Inc. v. Waters*, Mont., 704 P.2d 422 (1985).

This record does not indicate that Louis Todd filed a claim in accordance with 43 U.S.C.A. §§ 946–949. For that reason, it is not necessary to decide whether that statute created a greater interest than 43 U.S.C.A. § 661 in this case.

The record in this case is such that any interest obtained by Todd in the land now owned by the appellee must have been acquired under authority of 43 U.S.C.A. § 661. Pursuant to that statute, it was required that Todd obtain a "vested and accrued" interest recognized under Wyoming law in order to have a valid ditch and reservoir easement under the federal statute. *Bucknum v. Johnson,* supra; *C.,B. & Q. R.R. Company v. McPhillamey,* supra; C. Kinney, The Law of Irrigation and Water Rights, § 934 at 1650 (1912). Our cases imply, if they do not state, that at least two prerequisites must be satisfied before a vested right would exist which would be recognized under Wyoming law and thus under 43 U.S.C.A. § 661. First, there had to be a valid certificated water right. *Clear Creek Land and Ditch Company v. Kilkenny,* supra. Second, there had to be an actual and continuous use of the right-of-way or easement for the purpose granted. *Bucknum v. Johnson,* supra; *C., B. & Q. R.R. Company v. McPhillamey;* C. Kinney, The Law of Irrigation and Water Rights, supra, § 934 at 1650.

An examination of the record in this case demonstrates that only the first requirement arguably was met. Louis Todd did receive a certificate of appropriation from the state engineer to irrigate 315 acres from the Lowica Reservoir and Fish Creek through Lowica Ditch. A certificate of appropriation issued by the state engineer is prima facie evidence of beneficial use, but that may be rebutted by actual historical evidence of beneficial use. *Basin Electric Power Cooperative v. State Board of Control,* Wyo., 578 P.2d 557 (1978); *White v. Wheatland Irrigation District,* Wyo., 413 P.2d 252 (1966). The uncontroverted testimony before the trial court in this case was that the reservoir never had been used to irrigate any of the acreage; that it had not contained any water until very recently; and it is doubtful that it ever contained a significant amount of water. The majority opinion aptly states:

"* * * [N]o water has ever been stored in the reservoir because its source, Fish Creek, is an intermittent stream with insufficient water to reach the reservoir except during periods of high runoff. The first known year that adequate runoff existed to fill the Lowica Reservoir was 1983." Ante at 712.

In several instances, we have stated that the Wyoming Constitution and our water right statutes require beneficial use before a water right can be vested. *Laramie Rivers Company v. Wheatland Irrigation District,* Wyo., 708 P.2d 20 (1985); *Green River Development Company v. FMC Corporation,* Wyo., 660 P.2d 339 (1983); *Basin Electric Power Cooperative v. State Board of Control,* supra; *John Meier & Son, Inc. v. Horse Creek Conservation District of Goshen County,* Wyo., 603 P.2d 1283 (1979); *Budd v. Bishop,* supra; *Kearney Lake, Land and Reservoir Company v. Lake DeSmet Reservoir Company,* Wyo., 475 P.2d 548 (1970). In *Basin Electric Power Cooperative v. State Board of Control,* supra, we held that the actual historical beneficial use, rather than the use described in a certificate of appropriation, controlled the determination of the amount of water that could be changed from one point of diversion to another regardless of any injury to junior appropriators. In *Green River Development Company v. FMC Corporation,* supra, this court held that the failure to apply certain water rights to a beneficial use even though authorized under a permit resulted in a termination of those water rights. In that case, we pointed out that a permit issued by the state engineer to appropriate water was simply an inchoate interest which was not vested until the water was applied to beneficial use. Factually, those cases may be distinguished, but their rationale is pertinent here. The substance of these holdings is that there cannot be a

---

Furthermore, it is not necessary to decide whether any reversionary interest lies with the United States or its subsequent patentees such that a subsequent patentee rather than the United States would be entitled to bring an action on cessation of the purpose for which the interest was granted. See *E.E. Eggebrecht, Inc. v. Waters,* supra; *Hurst v. Idaho-Iowa Lateral and Reservoir Company,* 34 Idaho 342, 202 P. 1068 (1921).

vested water right unless the water has been applied to a beneficial use. Even though the certificate of appropriation issued by the state engineer generally will establish a vested water right that will be protected unless it is abandoned, the rule is not absolute. As we said in *Green River Development Company v. FMC Corporation*, supra, 660 P.2d at 343, n. 7:

"In some, but not all, cases, the certificate of appropriation contemplated by § 41–4–511, W.S.1977, 1982 Cum.Supp. will not issue until the water has been beneficially applied. See § 41–4–506, W.S.1977."

I would hold that, because there had been no application of the water authorized under the certificate of appropriation issued by the state engineer to a beneficial use, no vested and enforceable water right existed which this state would recognize and protect. The result is that under federal law no interest in the Lowica Ditch or Lowica Reservoir would be reserved by the patent because of the requirement that there be a "vested and accrued" water right recognized by this state in order for the reservation under 43 U.S.C.A. § 661 to be valid.

Prior decisions by this court also have held that a reserved easement or right-of-way for the purpose of constructing a reservoir or ditch under 43 U.S.C.A. § 661 existed only when there was actual and continuous use of the reservoir or ditch. *C.,B. & Q. R.R. Company v. McPhillamey*, supra; *Moyer v. Preston*, 6 Wyo. 308, 44 P. 845 (1896). See C. Kinney, The Law of Irrigation and Water Rights, supra, § 934 at 1650. In *Bucknum v. Johnson*, supra, we held that, despite the issuance of a permit to construct a reservoir and to divert and appropriate water, until an actual application of the impounded water for the irrigation purpose authorized under the permit occurred, it was debatable whether or not a vested right existed which this state would protect and accordingly would be reserved under 43 U.S.C.A. § 661.

When the record facts are compared with the requirements of the law, we must conclude that there is nothing to indicate that water ever has been stored in the depression for purposes of irrigating the 315 acres authorized under the certificate of appropriation. The principal officer of the appellant testified that the Lowica Ditch had been used for stock watering purposes and to recharge the aquifer for underground wells, but even that witness could not testify that the water ever has been used for irrigating the 315 acres. Absent actual use of the reservoir and the ditch for the purposes intended, there could not have occurred a reservation of a right-of-way or easement for the reservoir or ditch under 43 U.S.C.A. § 661 because the circumstances do not demonstrate a vested interest which this state and this court would have recognized and protected.

In the absence of a "vested and accrued" water right as required under federal law, no easement was created pursuant to 43 U.S.C.A. § 661, and consequently, the appellant did not have any right to the Lowica Reservoir and Lowica Ditch based upon the acquisition of the property of Todd. I would affirm the district court because the appellant had no valid and enforceable interest in the reservoir or the ditch. Adverse possession by Morgan is not a material issue unless the appellant had a property right which the law would protect.