## KERN RIVER COMPANY ET AL. v. UNITED STATES.

### APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 50. Argued October 20, 21, 1921.—Decided November 21, 1921.

1. A right of way through public lands or reservations, obtained through an approval by the Secretary of the Interior of an application under the Act of March 3, 1891, c. 561, §§ 18–21, 26 Stat. 1095, is neither an easement nor a fee simple absolute, but a limited fee on implied condition of reverter in the event the grantee ceases to use or retain the land for the purpose named in the act—irrigation. P. 151.

2. The Act of May 14, 1896, c. 179, 29 Stat. 120, which made special provision for rights of way through public lands and forest reservations for the purpose of developing electric power, allowing a revocable permit or license and not a limited fee, was superseded by the Act of February 15, 1901, c. 372, 31 Stat. 790, which deals with the subject along similar lines. P. 152. *Utah Power & Light Co. v. United States*, 243 U. S. 389.

3. The Act of May 11, 1898, c. 292, 30 Stat. 404, provided that rights of way approved under the Act of March 3, 1891, *supra*, "may be used for purposes of a public nature; and said rights of way may be used for purposes of water transportation, for domestic purposes, or for the development of power, as subsidiary to the main purpose of irrigation." *Held,* construing it in the light of legislative history and administrative construction, that the use "for purposes of a public nature" must be "subsidiary to the main purpose of irrigation." P. 152.

4. Whether the use of such a right of way for the generation of electric power which is transmitted to other places and there commercially supplied for use in operating electric railways, lighting municipalities and operating pumps on farms and ranches, is to be classed as a use for "purposes of a public nature" or as a "development of power" within the meaning of the Act of May 11, 1898, *supra*, in either event it is a use which that act permits only where it is subsidiary to irrigation, and can not take the place of the latter as the main purpose to which the right of way must be devoted. P. 154.

5. Where such a right of way has never been used for irrigation, and the grantees are effectually and permanently precluded from so using it by agreement and by a consent decree, the condition of the grant is not only broken but rendered impossible of performance, and the United States is entitled to a forfeiture. P. 154.

6. For the assertion and enforcement of the forfeiture of the grant an act of Congress declaring it or directing suit is not necessary; these objects may be accomplished through a suit brought by the Attorney General, under his general authority, where no act of Congress forbids. P. 154.

7. Where the right to a forfeiture is clear, and asserted in the public interest, a court of equity will not withhold appropriate relief. P. 155.

8. A suit to enforce a forfeiture of a right of way granted through an approval by the Secretary, for a breach of a condition subsequent, is not subject to the six year limitation imposed by the Act of March 3, 1891, c. 559, 26 Stat. 1093, on "suits to vacate and annul patents." P. 155.

264 Fed. 412, modified and affirmed.

APPEAL from a decree of the Circuit Court of Appeals reversing a decree of the District Court and directing that court to enter another canceling an approval of an

application for a right of way for canal purposes, which approval had been granted by the Secretary of the Interior under the Acts of March 3, 1891, c. 561, 26 Stat. 1095, and May 11, 1898, c. 292, 30 Stat. 404, and enjoining the present appellants from further maintenance of their canal, unless within a reasonable time they applied for and obtained a lawful permit or license therefor.

*Mr. James A. Gibson,* with whom *Mr. Roy V. Reppy* and *Mr. Henry F. Prince* were on the brief, for appellants.

*Mr. Assistant Attorney General Riter,* with whom *Mr. Leslie C. Garnett* and *Mr. H. L. Underwood,* Special Assistants to the Attorney General, were on the brief, for the United States.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

A right of way for a canal, several miles in length, through lands of the United States in a public forest reserve, in California, is here in controversy. The right of way was acquired by the Kern River Company, one of the appellants, through the approval by the Secretary of the Interior of an original map of the canal on April 14, 1899, and of an amended map on November 27, 1905. The purpose of the amended map was to conform the right of way to intervening changes in the line of the canal. The Secretary's approval, in both instances, was sought and was given under §§ 18–21 of the Act of March 3, 1891, c. 561, 26 Stat. 1095, as supplemented by § 2 of the Act of May 11, 1898, c. 292, 30 Stat. 404. The canal was constructed between July, 1902, and December, 1904, and ever since has been used for developing electric power, but never for irrigation. The power is transmitted to other parts of the State and there commercially supplied for use in operating electric railway systems, lighting municipalities and operating pumping appliances on farms and ranches. The

appellants other than the Kern River Company claim under and through that company.

This suit in equity was brought by the United States to obtain (a) a cancelation of the Secretary's approval of the two maps on the ground that it was obtained fraudulently by falsely representing that the right of way was sought with irrigation as the main purpose and the development of electric power as a subsidiary purpose, when in truth the latter was the sole purpose, or (b) a judicial declaration and enforcement of a forfeiture of the right of way on the ground that, although granted on condition that it be used mainly for irrigation, it in fact has been used solely for developing electric power and its use for irrigation is precluded by a binding and continuing agreement on the part of the grantee. In the bill the first phase of the suit is set forth with greater precision and detail than are shown in the presentation of the other; but the other is there in full substance.[1]

---

[1] The District Court, in a memorandum opinion, said:

"There are two aspects of this bill. One charges fraud perpetrated upon the Government in the application for the grant. The other relies upon a forfeiture of the grant by reason of the alleged non-performance by the defendant of the condition subsequent in the grant or a breach of a continuing covenant." And also: "The defendant is not using the right of way for irrigation and never has so used it, and the plaintiff claims that the grant should be forfeited to the Government for failure to so use said right of way."

The Circuit Court of Appeals, taking a different view, said:

"This is not a suit to declare a forfeiture of a land grant for breach of condition, but the ordinary suit to set aside the approval of the Secretary of the Interior on the ground of fraud and mistake."

The appellants, in their brief in this court, speak of the suit as one "seeking to forfeit the right of way" and also say:

"The bill was brought against appellant, Kern River Company, on the ground that the right of way had been obtained by fraud and misrepresentation and upon the ground that appellant was using the right of way for purposes other than those for which it had been acquired, namely, for purposes other than irrigation or power purposes subsidiary to the main purpose of irrigation."

The bill, while thus assailing the right of way obtained under the Acts of 1891 and 1898, concedes that the appellants may yet apply for and obtain, under the Act of February 15, 1901, c. 372, 31 Stat. 790, a permit or license to use the land for the purpose to which they now are applying it.

After issue was joined the cause was heard on an agreed statement of facts supplemented by the testimony of a single witness and by some documentary proof.

The District Court concluded that the charge of fraud in procuring the Secretary's approval was not sustained, and that, in the absence of an act of Congress declaring a forfeiture or providing for a suit to that end, a forfeiture could not be decreed by the court. The bill was accordingly dismissed. On appeal by the United States the Circuit Court of Appeals concluded that the charge of fraud was adequately proved, and also that, if the Secretary acted with full knowledge of the facts, he exceeded his authority. So the decree of dismissal was reversed with directions that a decree be entered canceling the Secretary's approval, and also enjoining the further maintenance of the canal unless within a reasonable time the claimants applied for and obtained a lawful permit or license to use the same. 264 Fed. 412.

The Act of 1891, §§ 18–21, provided for rights of way through the public lands and reservations of the United States for ditches, canals and reservoirs for the purpose of irrigation, but not for any other purpose. These rights of way were to be obtained by making application at the local land office and ultimately securing the approval by the Secretary of the Interior of a map of the ditch, canal or reservoir. There was no provision for a patent. The grant was to become effective when the approval was given; that is to say, the right of way was then to vest in the applicant for the purpose indicated in the act. The approval, once given, could not be recalled or annulled by

the Secretary, either for fraud practiced in procuring it or for mistake in giving it. To do that it was necessary to resort to a suit in equity. *Noble* v. *Union River Logging R. R. Co.,* 147 U. S. 165, 172. 176. The right of way intended by the act was neither a mere easement nor a fee simple absolute, but a limited fee on an implied condition of reverter in the event the grantee ceased to use or retain the land for the purpose indicated in the act. *Rio Grande Western Ry. Co.* v. *Stringham,* 239 U. S. 44, 47.

An Act of May 14, 1896, c. 179, 29 Stat. 120, made express provision for rights of way through the public lands and forest reservations for the purpose of developing electric power; but this act differed from the one of 1891 in several respects, the one of most significance being that what the beneficiary was to receive was a revocable permit or license, and not a limited fee. This act was superseded by that of February 15, 1901, *supra,* which deals with the same subject along similar lines. *Utah Power & Light Co.* v. *United States,* 243 U. S. 389, 407.

The Act of May 11, 1898, enacted while those of 1891 and 1896 were in force, provided in its second section:

" That the rights of way for ditches, canals, or reservoirs heretofore or hereafter approved under the provisions of sections eighteen, nineteen, twenty, and twenty-one of the Act entitled 'An Act to repeal timber-culture laws, and for other purposes,' approved March third, eighteen hundred and ninety-one, may be used for purposes of a public nature; and said rights of way may be used for purposes of water transportation, for domestic purposes, or for the development of power, as subsidiary to the main purpose of irrigation."

This section did no more than to permit rights of way obtained under the Act of 1891, the use of which was restricted to irrigation, to be also used for the other purposes named in the section. Irrigation was still to be the " main purpose " and the other purposes were to be sub-

sidiary. True, there are in the section words and punctuation from which it might be argued that the " purposes of a public nature " were to be independent and might even be exclusive; but the fair import of the section as a whole is the other way. Besides, its legislative history indicates that what actually was intended was to recognize irrigation as the primary purpose and to make all the other purposes secondary to it. When the bill was introduced in Congress it contained a provision declaring, without any qualification, that rights of way under the Act of 1891 might be used for supplying water for " domestic, public, and other beneficial uses." The committee in charge of the bill sought the views of the Land Department, and the Assistant Commissioner of the General Land Office submitted a report wherein he criticised that provision as being too much of a departure from the principle and spirit of the Act of 1891 and recommended that it be eliminated and the present section substituted in its stead. In explaining and commending the section he said: " If it were allowable to use the right of way for domestic or public purposes or for certain other purposes, which will not diminish the amount of water available for irrigation, as subsidiary to the main purpose of irrigation, the act of 1891 would be much more satisfactory in its operation and the intention of the act as conferring a general benefit would be fully subserved." The bill was amended in accordance with his recommendation and was enacted in that form. House Report, No. 2790, 54th Cong., 2d sess.; House Report, No. 279, 55th Cong., 2d sess. In administering the Act of 1891 as thus supplemented the Secretary of the Interior was called upon to construe the section on several occasions and his decisions were uniformly to the effect that it regarded irrigation as the controlling purpose and all the other uses as essentially subsidiary. See 28 L. D. 474; 32 L. D. 452 and 461;

37 L. D. 78; House Doc. No. 5, pp. xii–xiii, 56th Cong., 1st sess.; *Utah Power & Light Co.* v. *United States, supra.* Even if the meaning were not otherwise made plain, we should be slow to reject the construction thus put on the section by the head of the department charged with administering it. *Logan* v. *Davis,* 233 U. S. 613, 627.

The appellants take the position that the purposes for which they are selling the electric power are such as to make their use of the right of way a use for " purposes of a public nature " in the sense of that section. But of this it suffices to say that whether such a use be regarded as falling under that head or under the one described as the " development of power," it is a use which the section permits only where it is subsidiary to irrigation. It cannot take the place of the latter as the main purpose.

With this understanding of the statutes under which the right of way was obtained, we pass the controverted charge of fraud in procuring the Secretary's approval and come at once to the question of forfeiture.

The right of way, as we have seen, was granted on an implied condition that it should revert to the United States in the event the grantee ceased to use or retain it for the purpose indicated in the statutes. That purpose— the main and controlling one—was irrigation. The agreed statement of facts shows that the right of way never has been used for irrigation, and also that the appellants are effectually and permanently precluded from using it for that purpose by reason of an agreement entered into by the grantee and of a judicial decree to the rendition of which the grantee expressly consented. Thus it appears that the condition on which the grant was made has been not only broken but also rendered impossible of performance. This entitles the United States to assert and enforce a forfeiture of the grant; and it is for this purpose that the present suit is brought. True, Congress has neither declared a forfeiture nor directed the suit; but

this is not a valid objection.  In the absence of some legislative direction to the contrary, and 'there is none, the general authority of the Attorney General in respect of the pleas of the United States and the litigation which is necessary to establish and safeguard its rights affords ample warrant for the institution and prosecution by him: of a suit such as this.  *United States* v. *San Jacinto Tin Co.*, 125 U. S. 273, 278–285.  A suit brought in virtue of that authority and otherwise appropriate to the occasion is authorized by law in the sense of our decisions.  See *United States* v. *Repentigny*, 5 Wall. 211, 267–268; *Atlantic & Pacific R. R. Co.* v. *Mingus*, 165 U. S. 413, 430–434; *Spokane & British Columbia Ry. Co.* v. *Washington & Great Northern Ry. Co.*, 219 U. S. 166, 173–174.  This suit meets these requirements.

The appellants invoke the rule that a court of equity usually is reluctant to lend its aid in enforcing a forfeiture. But where, as here, the right to the forfeiture is clear and is asserted in the public interest, equitable relief, if otherwise appropriate, is not withheld.  *Farnsworth* v. *Minnesota & Pacific R. R. Co.*, 92 U. S. 49, 68; *Union Land & Stock Co.* v. *United States*, 257 Fed. 635.

The statute placing a limitation of six years on the time within which " suits to vacate and annul patents " may be brought (Act March 3, 1891, c. 559, 26 Stat. 1093) is also relied on.  But in so far as this suit seeks to enforce a forfeiture for a breach of a condition subsequent it plainly is not a suit to vacate or annul a patent and so is not within the statute.

We conclude that the United States is entitled to a decree declaring and enforcing a forfeiture.  This renders it unnecessary to deal with the other phase of the suit.

The decree of the Circuit Court of Appeals is accordingly so modified as to direct the District Court to enter a decree declaring and enforcing a forfeiture of the right of way, and also enjoining the appellants from further

occupying or using the land, unless within some reasonable time, to be fixed by that court, they apply for and obtain a right or license to use the same under the Act of February 15, 1901, or some other applicable statute, and as so modified is affirmed.

*Decree modified and affirmed.*