## UNITED STATES v. BEAVER IRR. LAND & POWER CO.

Circuit Court of Appeals, Eighth Circuit.
October 17, 1927.

No. 7535.

Waters and water courses ⬤⟾32—Forfeiture of lands granted for irrigation purposes may be decreed, on failure to construct canal within five years (Act March 3, 1891, §§ 17–21 [26 Stat. 1101, 1102]).

Under Act March 3, 1891, §§ 17–21 (26 Stat. 1101, 1102), forfeiture of lands granted for irrigation purposes may be decreed for failure to construct canal as agreed within five years after location without necessity of act of Congress, declaring forfeiture or directing Attorney General to proceed to forfeiture.

Appeal from the District Court of the United States for the District of Utah; Tillman D. Johnson, Judge.

Suit by the United States against the Beaver Irrigation Land & Power Company.

Decree of dismissal, and plaintiff appeals. Reversed, with directions.

Charles M. Morris, U. S. Atty., and Edward M. Morrissey, and Jesse K. Smith, Asst. U. S. Attys., all of Salt Lake City, Utah.

Before STONE and VAN VALKEN-BURGH, Circuit Judges, and POLLOCK, District Judge.

STONE, Circuit Judge. This is an appeal from a dismissal of a bill filed by the United States to declare a forfeiture of lands granted for irrigation purposes under sections 17 to 21, inclusive, of the Act of March 3, 1891 (26 Stat. 1095, 1101).

There was no service, answer nor appearance of defendant, in the trial court nor here, and the matter is submitted on the brief of the government. The trial court filed a statement that its judgment was based upon reasons appearing in an opinion prepared by it in a similar case, United States v. Parsons. The opinion in the Parsons Case is to the effect that the above statute gave no equitable jurisdiction to declare forfeiture upon the failure to construct the irrigation works, but that such failure was a condition which would justify forfeiture by act of Congress.

The above act provides (section 18 [43 USCA § 946; Comp. St. § 4934]) that a right of way may be granted through the public lands to any canal or ditch company formed for the purpose of irrigation. Appellee proceeded, in accordance with the act, and secured a grant for its reservoir and ditch lines on certain portions of the public domain within the state of Utah. This grant was perfected July 15, 1907. Section 20 of the act (43 USCA § 948; Comp. St. § 4936) provides "that if any section of said canal, or ditch, shall not be completed within five years after the location of said section, the rights therein granted shall be forfeited as to any uncompleted section of said canal, ditch, or reservoir, to the extent that the same is not completed at the date of the forfeiture." The bill alleges that appellee has "failed and neglected to construct said canal as hereinbefore mentioned and described, or any part thereof, within five years after the location thereof, or otherwise, or at all." The prayer of the bill is for a forfeiture and that the land may be adjudged in appellant with an injunction against appellee from setting up any claim thereto on account of said grant and for general relief.

As stated above, the view of the trial court seems to have been that it had no jurisdiction to enter a forfeiture but that such action must be taken by an act of Congress declaring forfeiture or directing the attorney general to proceed to forfeiture. In this view, we think the trial court was mistaken. The above act is of a general and permanent character (United States v. Whitney [C. C.] 176 F. 593, 598) and it would be a strange interpretation that where the act itself declares that certain conditions shall work a forfeiture that the government would be powerless to enforce such forfeiture without further action of Congress (Union Land & Stock Co. v. United States, 257 F. 635 [C. C. A. 9]). We think this question has been recently ruled in this court in United States v. Bighorn Land & Cattle Co., 17 F.(2d) 357, where exactly the same character of action to declare a forfeiture of a grant under the above act was sustained. Also, see United States v. Denver & Rio Grande Western Railroad Company, 16 F.(2d) 374, this court.

We think the decree should be reversed, with instructions to set aside the dismissal of the bill and to enter a decree in accordance with the prayer of the bill; and it is so ordered.