## UNITED STATES v. PARSONS.

Circuit Court of Appeals, Eighth Circuit.
November 23, 1927.

No. 7534.

Waters and water courses ⬤�ality32—Suit to cancel right of way permit across public lands for irrigation canal held maintainable, without Congress declaring forfeiture or specifically giving jurisdiction (Act March 3, 1891, 26 Stat. 1095).

Suit to cancel permit granted by Secretary of the Interior under Act March 3, 1891, 26 Stat. 1095, whereby right of way across public domain was given for purpose of construction of an irrigation canal, is maintainable without Congress declaring a forfeiture, other than in such act provided for failure to construct within five years, or specifically giving the court jurisdiction for that purpose.

Appeal from the District Court of the United States for the District of Utah; Tillman D. Johnson, Judge.

Suit by the United States against O. N. Parsons. Bill dismissed, and the United States appeals. Reversed, with directions.

Charles M. Morris, U. S. Atty., and Edward M. Morrissey and Jesse K. Smith, Asst. U. S. Attys., all of Salt Lake City, Utah.

Before LEWIS, Circuit Judge, and POLLOCK and SCOTT, District Judges.

PER CURIAM. This is a suit to cancel a permit granted by the Secretary of the Interior pursuant to the Act approved March 3, 1891 (26 Stat. 1095), by which appellee was given a right of way across certain parts of .the public domain lying in the state of Utah, for the purpose of constructing an irrigation canal. The permit was granted in April, 1901. It is alleged in the bill, filed April 17, 1925, that appellee had failed to construct any part of the canal and the proof sustains that allegation. The trial court was of the opinion that it was with Congress to first declare a forfeiture, or to specifically give the court jurisdiction for that purpose, and that, neither having been done, the court was without jurisdiction. The bill was dismissed.

The Supreme Court, in construing the act of March 3d, seems to have held in Kern River Co. v. United States, 257 U. S. 147, 42 S. Ct. 60, 66 L. Ed. 175, that the court had jurisdiction. This court so ruled in United States v. D. & R. G. W. R. Co., 16 F.(2d) 374, in considering a statute like this on the question of jurisdiction. See, also, U. S. v. Big Horn L. & C. Co. (C. C. A.) 17 F. (2d) 357. The court's jurisdiction in an action of this kind was again recently before this court in United States v. Beaver Irr. Land & Power Co., 21 F.(2d) 1001. That was a suit to cancel a right of way granted under the Act of March 3, 1891, for irrigation purposes, and we sustained the jurisdiction of the court. The opinion in that case was filed October 17, 1927.

For the reasons stated, the order dismissing the bill is reversed, with directions to set it aside and enter a decree for appellant as prayed for in the bill.