MR. JUSTICE MORRISON,
dissenting:
I respectfully dissent to the majority opinion.
First, I believe the Court has erred in its treatment of the reversion issue. The majority states:
“In Kern River Co. v. United States (1921), 257 U.S. 147, 152, 42 S.Ct. 60, 62, 66 L.Ed. 175, 178, the Court stated, ‘The right of way *298 intended by the Act was neither a mere easement nor a fee simple absolute, but a limited fee on an implied condition of reverter in the event the grantee ceased to use or retain the land for the purpose indicated in the act.’ ”
Thus, in 1921, the United States Supreme Court held that the grant here in question was subject to a reversionary interest and in the event the grantee ceased to use the land for reservoir purposes, the reversion would occur. The effect here would be that predecessors in interest to Waters, when they ceased to use the land for reservoir purposes, triggered the reversion, automatically reinvesting the fee in Eggebrecht’s predecessors. Of course, this would require affirming the district court judgment in favor of Eggebrecht. To avoid this result the majority has treated the reversion as a condition subsequent requiring re-entry for purposes of effectuating a forfeiture. Since Eggebrechts did not re-enter and effectuate a forfeiture, under the majority rationale, they failed.
Let us examine the means used to reach a reversal. This Court has disagreed with the decision of the United States Supreme Court in Kern River Co. v. United States, supra. The majority opinion states: “With respect to the future interest, the use of the term ‘reverter’ is clearly in error. Several cases have held that divestiture under the Act does not occur automatically upon failure to use or retain the land for the purpose stated in the Act, but must be determined by a legal proceeding. Hurst et al. v. Idaho-Iowa Lateral and Reservoir Co. (1926),42 Idaho 436, 246 P.23; Hurst et al. v. Idaho-Iowa Lateral and Reservoir Co. (1921), 34 Idaho 342, 202 P. 1068; Carns v. Idaho-Iowa Lateral and Reservoir Co. (1921), 34 Idaho 330, 202 P. 1071; United States v. Whitney (1910), 176 F. 593 . . .”
We must bear in mind that the United States Supreme Court was interpreting a federal law in the Kern River case and its decision is not subject to question by the several states. Furthermore, most of the authorities cited predate the Kern River decision.
In this case the United States had a reversionary interest in the subject real property. When the United States patented this real estate to Eggebrecht’s predecessors, they received all elements of fee simple title including the reversionary interest in the dominant estate. Therefore, when the reservoir ceased to be used for reservoir purposes, title reverted to the Eggebrechts.
Assuming arguendo that title remained in the Waters’ precedessors subject to a right of re-entry for condition broken, nevertheless abandonment could have occurred. That is precisely what the trial *299 court found. Our only function is to determine whether there is substantial credible evidence in the record to support the finding of the trial court.
The majority opinion holds that: “Mere non-use of an easement by grant, no matter how long continued, does not constitute abandonment.” There is old Montana law to support that statement but the trend of decisions has been to treat non-use as some evidence of abandonment. In 79 Ranch, Inc. v. Pitsch (1983), [204 Mont. 426,] 666 P.2d 215, 40 St.Rep. 981, we held evidence of extended non use created a rebuttable presumption of abandonment:
“The District Court found that the water rights claimed by Pitsch and 79 Ranch had been abandoned because the water had not been used for at least forty, and perhaps as many as sixty successive years. Pitsch and 79 Ranch argue that the mere showing of nonuse even for a long period of time, is not sufficient to support a finding of abandonment. We disagree.
“Abandonment of a water right is a question of fact. Section 89-802, Revised Codes of Montana, 1947, (applicable here, repealed in 1973). Our scope of review is therefore limited to determining whether there is sufficient evidence to support the District Court’s findings. Bagnell v. Lemery (1983),[202 Mont. 238,] 657 P.2d 608, 40 St.Rep. 58. Forty years of nonuse is strong evidence of an intent to abandon a water right, and, in effect, raises a rebuttable presumption of abandonment. Because Pitsch and 79 Ranch have failed to rebut this presumption, the District Court’s finding must be affirmed.” (Emphasis added.)
Although we are not dealing with a water right but rather with a limited fee, it would seem analogous. Although I do not think we need to decide the question of abandonment, there is sufficient evidence in the record to support the finding of the trial court in this respect which provides further basis for affirmance.
In summary, I would affirm the decision of the trial judge.