**BOISE CASCADE CORPORATION, a corporation, Plaintiff,**

v.

**UNION PACIFIC RAILROAD COMPANY, a corporation, the San Pedro, Los Angeles & Salt Lake Railroad Company, a corporation and United States of America, Defendants.**

No. C 76–374.

United States District Court,
D. Utah, C. D.

March 24, 1978.

Harry D. Pugsley and Robert D. Maack, Salt Lake City, Utah, for plaintiff.

Ronald L. Rencher, U. S. Atty., Brent D. Ward, Asst. U. S. Atty., Salt Lake City, Utah, for defendant United States of America.

J. C. Williams, Salt Lake City, Utah, for defendants Railroads.

## ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

ALDON J. ANDERSON, Chief Judge.

This matter is presently before the court on the motions for summary judgment of the plaintiff and of the defendant railroad companies, and the motion to dismiss of the defendant United States. Inasmuch as the motion to dismiss of defendant United States is based in part upon Rule 12(b)(6), *Federal Rules of Civil Procedure*, and matters outside of the pleadings have been presented to and not excluded by the court, the motion to dismiss shall be treated as one for summary judgment pursuant to Rule 12(b), *Federal Rules of Civil Procedure*, and disposed of in accordance with Rule 56, *Federal Rules of Civil Procedure*. The matters presented by the motions have been thoroughly briefed by the parties, the matters were argued orally before the court on December 27, 1977, and the parties filed a stipulation of facts on January 3, 1978. Having fully and carefully considered the matters presented by the motions and concluding that there is no genuine issue as to any material fact, the court is prepared to enter its ruling.

Essentially, the present controversy is a property dispute concerning a certain strip of property located in Utah County. According to the stipulation of facts, "[t]he defendant railroads claim title to an easement for railroad purposes across the property extending 100 feet on each side of the center line of its trackage, based upon the General Right-of-Way Act of Congress March 3, 1875." Stipulation of Facts ¶ 4 (hereinafter "Stipulation"). The property in dispute is one side of the trackage only,

that side being the west side. Rather than fencing the property to include the entire claimed 100 feet on each side of the trackage, the defendant railroads have, "for more than 20 years," fenced in only 33 feet on each side of the trackage. The remaining 67 feet of the 100 feet on one side of the trackage claimed by defendants is also claimed (and fenced) by plaintiff and, thus, it is this property area that is in dispute in this litigation. Stipulation ¶ 7.

As fully set forth in the stipulation of facts, plaintiff has a record chain of title to the real property in question based upon a patent issued by the State of Utah to plaintiff's predecessor in interest. Stipulation ¶ 1. "The State of Utah's rights, if any, in and to the subject property, are based upon the Enabling Act which granted Utah Statehood and purported to convey to the State of Utah as a 'school section' all of Section 16 of Township 6 South, Range 2 East. The Enabling Act does not make any specific exception for the railroad right-of-way claimed by the defendant railroads, but does state that all lands granted the State under the Act are to be selected from the *unappropriated* public lands of the United States." Stipulation ¶ 3 (emphasis added).

The respective positions of the parties may be briefly stated as follows. It is the contention of defendants that defendant railroads, or their predecessor in interest, complied fully with the General Right-of-Way Act of 1875 and thus obtained from Congress the 200 foot right-of-way across the west half of Section 16, which includes within its westerly boundary the property in question. Under the law, defendants argue, this right-of-way obtained from Congress is not subject to defeasance by any theory of state law or any type of equitable consideration. Defendant Railroads' *Reply Memorandum* at 10. Plaintiff, on the other hand, claims that defendant railroads, or their predecessor in interest, did not comply fully with the General Right-of-Way Act of 1875 in that said parties filed an erroneous profile map with the Secretary of Interior and that, as a result thereof, defendant railroads have only "a possessory adverse

right to the area" presently occupied by them. *Memorandum in Support of Plaintiff's Motion for Summary Judgment and Opposition to Defendants' Motions* at 4. Plaintiff further claims that it is the fee title owner of the property in dispute by virtue of one or more of the following statutes and doctrines: that it is a bona fide purchaser for value of the realty; that plaintiff has adversely possessed the property for the required time; that defendants have abandoned the right-of-way; that plaintiff has obtained the property by the doctrine of boundary by acquiescence; that plaintiff has a sure root of title from the State of Utah as described earlier; that the Utah Marketable Title Act (*Utah Code Ann.* §§ 57–9–1 to 9) constitutes a bar to defendants' claim to the property; and that plaintiff is a bona fide occupying claimant entitled to the benefits of *Utah Code Ann.* §§ 57–6–1 et seq. *Memorandum in Support of Plaintiff's Motion for Summary Judgment and Opposition to Defendants' Motions* at 1–2.

■ It is the opinion of the court that the defendant railroads, or their predecessor in interest, complied fully with the General Right-of-Way Act of 1875 and thereby acquired an easement for railroad purposes that was not affected by the patent granted by the State of Utah to plaintiff's predecessor in interest, and that has not been and cannot be subject to defeasance by the common law and state property doctrines and provisions relied upon by the plaintiff. On the basis of 43 U.S.C. § 934 and *Jamestown & N. R. Co. v. Jones*, 177 U.S. 125, 20 S.Ct. 568, 44 L.Ed. 698 (1900), the court concludes that defendant railroads have a right-of-way that was perfected in the following manner: first, the filing of defendant railroads' predecessor in interest, Utah Southern Railroad Company, with the Department of Interior its articles of incorporation and due proofs of organization by no later than September, 1875 (Stipulation ¶ 6); and, second, the construction of the railroads' trackage in 1873 (Stipulation ¶ 5). The above filings together with the previous actual construction of the trackage was all that was necessary to comply fully with

the 1875 Act. As defendants correctly contend, the filing of the profile map pursuant to 43 U.S.C. § 937 and upon which plaintiff hinges its non-compliance argument is required and relevant only in connection with those situations in which the trackage is not already actually constructed at the time of the other required filings. *Jamestown, supra,* at 130–31, 20 S.Ct. 568.

■ Since the grant of the right-of-way under § 934 was secured by the actual construction of the trackage and the filing of the articles of incorporation and due proofs of organization, the only remaining question is whether the claim of the railroads based upon the Congressional grant to the railroads is inferior to the claim of plaintiff by virtue of the doctrines cited by plaintiff. First, the court concludes that the right-of-way granted by Congress cannot be diminished by conveyance, or by the doctrines of adverse possession, abandonment or boundary by acquiescence. *See, e. g., Northern Pac. Ry. v. Townsend,* 190 U.S. 267, 23 S.Ct. 671, 47 L.Ed. 1044 (1903); *Himonas v. Denver & R. G. W. R. Co.,* 179 F.2d 171 (10th Cir. 1949); *Allard Cattle Co. v. Colorado & So. Ry. Co.,* 33 Colo.App. 39, 516 P.2d 123 (1973), *aff'd,* 187 Colo. 1, 530 P.2d 503 (1974). The reasoning of these cases is that the Congressional intent as to this result is plainly manifest and that, under the grant, railroads are legally incapable of alienating the subject property in any way, directly or indirectly. The court concurs in this rationale.

■ Second, as defendant railroads set forth at pages 10 to 15 of their *Memorandum in Support of Motion for Summary Judgment,* plaintiff has not acquired and cannot acquire any rights to the property in question under its claimed patent pursuant to the Fundamental Enabling Act of July 16, 1894. This Act expressly provides that all lands granted the State under the Act are to be selected from the *unappropriated* public lands of the United States. Stipulation ¶ 3. And, as indicated above, the land in question was appropriated to the railroads pursuant to the General Right-of-Way Act of 1875.

Third, plaintiff's claimed reliance upon the Utah Marketable Title Act is misplaced. Dispositive of the present contention of plaintiff is § 57–9–6, *Utah Code Ann.*, which specifically excepts application of the Act by stating in pertinent part:

> This act shall not be applied . . . to bar or extinguish any easement or interest in the nature of an easement created or held for any . . . railroad or public utility purpose, or any easement or interest in the nature of an easement, the existence of which is clearly observable by physical evidence of its use . . . .

 Finally, the aid sought by plaintiff in Utah's Occupying Claimants Act is of no avail in the present action. Even assuming the applicability of the statute, that this statute has no bearing upon this action is apparent in view of the doctrine enunciated in several opinions of the United States Supreme Court that:

> The courts of the United States will construe the grants of the general government without reference to the rules of construction adopted by the states for their grants; but whatever incidents or rights attach to the ownership of property conveyed by the government will be determined by the states, *subject to the condition that their rules do not impair the efficacy of the grants or the use and enjoyment of the property by the grantee.*

*Packer v. Bird*, 137 U.S. 661, 669, 11 S.Ct. 210, 212, 34 L.Ed. 819 (1891) (emphasis added). Also, see *Northern Pac. Ry. v. Townsend, supra*, 190 U.S. at 270, 23 S.Ct. 671, and *Shively v. Bowlby*, 152 U.S. 1, 44, 14 S.Ct. 548, 38 L.Ed. 331 (1894).

For the reasons stated, the court concludes that the claim of defendant railroads is superior to that of plaintiff. Wherefore,

IT IS HEREBY ORDERED that the motion for summary judgment of plaintiff is denied and the motions for summary judgment of defendants are granted.

The court has not considered the additional grounds urged by defendant United States in support of their motion to dismiss based upon the provisions of 28 U.S.C. §§ 2409a(f) and (g). See *Memorandum Brief in Support of Motion to Dismiss*, filed October 17, 1977, at 3–5.