**Gary R. MARSHALL, et al., Plaintiffs,**

v.

**CHICAGO & NORTHWESTERN TRANSPORTATION COMPANY, et al., Defendants.**

**No. 92–CV–0120–B.**

United States District Court, D. Wyoming.

Dec. 11, 1992.

Loyd E. Smith, Lathrop & Rutledge, Cheyenne, WY, for plaintiffs.

B.J. Baker, Harry B. Durham, III, Brown & Drew, Casper, WY, for defendants.

## ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DECLARING AS' MOOT DEFENDANTS' MOTION TO DISMISS CHICAGO & NORTHWESTERN TRANSPORTATION COMPANY AS A PARTY

ALAN B. JOHNSON, Chief Judge.

The above-entitled matter having come before the Court upon Plaintiffs' Motion for Summary Judgment, and the Court having reviewed the parties' arguments and all other material on file herein, and being fully advised in the premises, FINDS and ORDERS as follows:

### Background

Plaintiff Gary R. Marshall is the fee owner and plaintiffs Leonard E. and Roxy R. Chamberlain are purchasers of the real property at issue located in Natrona County, Wyoming. Chicago and Northwestern Railroad Company ("C & NR") at one time possessed a two hundred (200) foot right-of-way traversing plaintiffs' lands. The right-of-way was obtained pursuant to a grant under the Act of 1875, 43 U.S.C. §§ 934–39.

Chicago & Northwestern Transportation Company ("C & NT")[1] purported to convey its interest in the lands encompassed by the right-of-way by separate Quitclaim deeds to defendants Forgey Ranch Company and the Kinniburgh & Lyle Partnership.

### Contentions of the Parties

The parties stipulate to the fact that C & NT abandoned the right-of-way at issue. Plaintiffs raise the following four issues. First, plaintiffs argue that 43 U.S.C. § 912 applies to the subject parcel regardless of whether the United States patents the land at issue to a private party and retains no underlying interest in the right-of-way other than a mineral one. Second, plaintiffs contend that § 912 applies to both pre- and post-1871 grants. Third, plaintiffs argue that the railroad cannot adversely possess the servient parcel by conveyance. Fourth and fi-

nally, plaintiffs contend that grantees of a railroad's right-of-way interest may not adversely possess the right-of-way as a matter of law.

By contrast, defendants contend that 43 U.S.C. § 912 only applies to rights-of-way where the United States retains an interest in the servient estate. Defendants further contend that § 912 applies only to pre–1871 grants. Additionally, regarding adverse possession, defendants urge that a railroad may lawfully begin to adversely possess the servient estate after the United States has patented the servient estate to a private party.[2] Similarly, defendants contend that defendants Lyle & Kinniburgh, grantees, may adversely possess the right-of-way, notwithstanding the quiet title action.

### Standard of Review

The standard for issuing summary judgment was recently stated by the Tenth Circuit:

In considering a party's motion for summary judgment, the court must examine all evidence in the light most favorable to the nonmoving party. *Barber v. General Elec. Co.*, 648 F.2d 1272, 1276 n. 1 (10th Cir. 1981). Summary judgment is proper only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Under this rule, the initial burden is on the moving party to show the court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The moving party's burden may be met when that party identifies those portions of the record which demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. at 2553.

Once the moving party has met these requirements, the burden shifts to the party resisting the motion. The nonmoving party must "make a showing sufficient to establish the existence of an element es-

---

1. Chicago & Northwestern Railroad Company was a predecessor in interest to Chicago & Northwestern Transportation Company.

2. This is simply another way of stating that § 912 does not apply to the instant case.

sential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552; *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The party resisting the motion "may not rest upon the mere allegations or denials of his pleadings" to avoid summary judgment. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. The mere existence of a scintilla of evidence will not avoid summary judgment; there must be sufficient evidence on which a jury could reasonably find for the nonmoving party. *Id.* at 251, 106 S.Ct. at 2511.

*Manders v. Okl. ex rel. Dept. of Mental Health,* 875 F.2d 263, 265 (10th Cir.1989).

### Discussion

The Court finds it useful to divide its discussion into four sections. In the first section, the Court briefly discusses abandonment. In section two, the Court analyzes whether § 912 applies to case at bar. In section three, the Court analyzes defendants' claims of adverse possession. Finally, in section four, the Court rules on defendants' motion to dismiss Chicago & Northwestern Transportation Company as a party.

### 1. Abandonment.

■ A preliminary issue before this Court is whether the parties can stipulate to abandonment of the right-of-way under 43 U.S.C. § 912. The Court holds that, indeed, the parties may so stipulate, but that a court decree or Act of Congress is still required. *See e.g., State of Idaho v. Oregon Short Line R.R. Co.* ("Idaho II"), 617 F.Supp. 213, 218 (D.C.Ida.1985) (court determined "use and occupancy" under § 912 by combining common law standard of abandonment and statutory requirements). This Court adopts the

test formulated in *Idaho II* to determine "use and occupancy." *Id.* at 216–18; *see also, Vieux v. East Bay Regional Park Dist.,* 906 F.2d 1330, 1337 (9th Cir.1990). The stipulation itself takes care of the factual issue of actual "use and occupancy." In turn, technical abandonment under the statute can occur only (1) as decreed by a court with jurisdiction, *or* (2) as declared by an Act of Congress.[3] *Id.,* 617 F.Supp. at 216. In the instant case, no court of jurisdiction has declared the subject parcel abandoned up until this time. Nor has the subject parcel been declared abandoned by an Act of Congress.[4]

THEREFORE IT IS

**DECREED** that Township 35 North, Range 80 West of the 6th P.M., Natrona County, Wyoming, Section W1/2, SW1/2 is abandoned.

### 2. Whether § 912 applies.

Regarding the first and second above-outlined issues, the Court holds that (i) 43 U.S.C. § 912 applies regardless of whether the United States patents the land at issue to a private party and the United States retains no underlying interest in the right-of-way other than a mineral interest; and (ii) that § 912 applies to both pre- and post–1871 grants.

In *Idaho II, supra,* the district court of Idaho paraphrased and parsed § 912, in relevant part, as follows:

1) Whenever public lands which have been [may be] granted to railroads for use as right-of-way *and*

2) Use *and* occupancy of the land for *such purposes* has ceased

  a) by forfeiture, *or*

  b) by abandonment

---

3. The cases suggest that a court determines rights under the main body of § 912 (not the exception part) by asking three questions: (1) did the railroad cease "use and occupancy" of the land for railroad purposes (i.e., common law abandonment), (2) was there a forfeiture *or* abandonment, (3) if abandonment, was there also an "Act of Congress" or decree of abandonment by a court of competent jurisdiction. The statute requires all three to be satisfied for Section 912–abandonment to have occurred.

4. Defendant Chicago & Northwestern Transportation Company did file a petition for abandonment with the Interstate Commerce Commission sometime in 1990. However, case law suggests that a petition so filed is insufficient by itself to establish abandonment under § 912. *See Vieux v. East Bay Regional Park Dist.,* 906 F.2d 1330, 1339–40 (9th Cir.1990).

(1) as decreed by a court with jurisdiction, *or*

(2) as declared by an Act of Congress *then,*

3) All right/title/interest of the United States in such lands shall be transferred to and vested in any person or entity to whom the United States has granted title by a conveyance purporting to convey lands traversed by a railroad.

617 F.Supp. at 216.

■ This Court adopts the *Idaho II* paraphrase and parsing as accurate. In a nutshell, the statute states that if a railroad no longer uses the right-of-way for railroad purposes, then the interest in the right-of-way vests in that person to whom the United States granted its interest in the servient estate, i.e., the patentee. The Court finds nothing in the language of the statute which indicates, as defendant contends, that § 912 only applies if the United States retains an interest in the servient estate. Thus, the Court concludes that the United States need not retain any interest in the servient estate for § 912 to control in the instant case.

Defendant relies on *City of Aberdeen v. Chicago and Northwestern Transp. Co.*, 602 F.Supp. 589 (N.D.S.D.1984) in support of the proposition that the United States must retain a right, title, interest or estate in the servient estate (which the right-of-way traverses) for § 912 to apply to the land at issue in this case. *Aberdeen* held that § 912 did not apply to post–1871 grants because "when the [defendant] railroad abandoned its line, there was no 'right, title, interest or estate of the United States' left to vest in the [plaintiff] municipality." 602 F.Supp. at 591.

For reasons outlined in *State of Idaho v. Oregon Short Line R.R. Co.* ("Idaho I"), 617 F.Supp. 207 (D.C.Idaho 1985), this Court holds that not only need the United States not retain an interest; but also § 912 applies to post–1871 grants. 617 F.Supp. at 212–13. This Court does not agree with *Aberdeen*'s analysis, particularly its understanding of *Great Northern Railway Company v. United States*, 315 U.S. 262, 62 S.Ct. 529, 86 L.Ed. 836 (1942) upon which the *Aberdeen* court relied heavily in drawing its legal conclusions. *See Aberdeen*, 602 F.Supp. at 592. *Compare Idaho I*, 617 F.Supp. at 211–12. This Court further reasons that "[Section 912] would be rendered null if this Court were to find [it] inapplicable to 1875 Act rights-of-way, for they were specifically enacted to dispose of the United States' retained interest in 1875 rights-of-way." *Idaho I*, 617 F.Supp. at 212.[5]

## 3. Adverse Possession.

■ In defendants' memorandum opposing plaintiffs' motion for summary judgment, defendants contend that a railroad, in its own right, can adversely possess the servient parcel; and, furthermore, that grantees of a railroad's right-of-way interest may adversely possess the right-of-way or, alternatively, the entire property itself. Defendants claim that Chicago & Northwestern Railroad began to adversely possess the servient parcel in the late 1920s. Adverse possession began when the United States patented the land because the deed of record had Chicago and Northwestern Transportation Company's name affixed to it. Defendants argue that a railroad can acquire the servient parcel by

---

**5.** The Court also notes that the plaintiff in *Aberdeen* was a municipality and thus the court's analysis necessarily concerned the portion of § 912 which involves an *exception* to the main rule. *See Aberdeen*, 602 F.Supp. at 591, 593.

The "exception" portion of § 912 may be paraphrased as follows:

Public lands which have been granted to railroads for use as a right-of-way and which have been either forfeited or abandoned revert to the owner of the servient estate, *EXCEPT*,

(a) Lands embraced in a public highway established within one year of declaration of

forfeiture or abandonment [shall belong to the state], *or*

(b) Lands within a municipality upon forfeiture or abandonment shall vest in the municipality without need of any conveyance.

Provided: This Act shall not affect conveyances made by railroads which have been validated by an Act of Congress [and before abandonment or forfeiture occurred].

*Idaho II*, 617 F.Supp. at 216.

This Court believes that the court's analysis in *Aberdeen* would have remained unchanged even if the case involved the "rule" part of § 912 and not its exception.

adverse possession. Defendants present the Court with affidavits in support of the claim that defendants Lyle and Forgey, grantees of the railroad's right-of-way interest, adversely possessed the entire property at issue notwithstanding defendants' quiet title claims.

Defendants' argument fails for several reasons. First, recall that defendants urged that if the United States did not retain an interest in the servient estate, § 912 would not apply to the property at issue and, therefore, defendants could adversely possess the right-of-way and/or the servient estate traversed by the right-of-way. However, pursuant to the reasoning outlined in *Idaho II, supra,* this Court has decided that § 912 does control the instant case and, therefore, defendants may not adversely possess that which they have abandoned pursuant to § 912.

Second, generally, courts have held that a railroad cannot alienate any part of its right-of-way nor can it adversely possess the related servient estate. This is because a railroad's interest is but an easement pursuant to 43 U.S.C. §§ 934, 937. *Energy Transp. Sys., Inc. v. Union Pac. R.R. Co.,* ("ETSI") 606 F.2d 934, 938 (10th Cir.1979) (railroad cannot alienate any interest in the right-of-way which was granted it by the United States for the express purpose of building a railroad); *Chicago & Northwestern Ry. Co. v. Continental Oil Co.,* 253 F.2d 468, 472 (10th Cir.1958); *Continental Oil Co. v. Chicago & Northwestern Ry. Co.,* 148 F.Supp. 411, 416–17 (D.Wyo.1957). Moreover, a railroad company may not alienate to a private party its interest in a right-of-way granted to it by Congress. *See e.g., Boise Cascade Corp. v. Union Pac. R.R. Co.,* 454 F.Supp. 531, 533 (D.Utah 1978). As a result, defendants could not adversely possess that which they could not alienate at the start.

Third, a railroad company may not enlarge its ownership interest in a property by deeding to successor railroad companies, as defendants argue. *See e.g., Chicago & Northwestern Ry. Co. v. Continental Oil Co.,* 253 F.2d 468, 470 (10th Cir.1958). Other courts have held that a right-of-way granted by Congress pursuant to the Act of 1875 cannot be diminished by conveyance or by doctrines of adverse possession or abandonment. *E.g., Boise Cascade Corp.,* 454 F.Supp. 531, 533 (D.Utah 1978).

This Court deduces that the only manner in which defendants could adversely possess the subject parcel would be after a court of competent jurisdiction decreed abandonment. Under § 912, once a court declared the right-of-way abandoned, ownership would revert to the owner of the servient estate, § 912 would no longer apply, and any person may attempt to adversely possess any part of the subject parcel according to the rules of common law adverse possession.

■ In any event, even if defendants had argued convincingly that the railroad could adversely possess the servient estate or, alternatively, that defendants to whom the railroad granted the right-of-way could adversely possess either the right-of-way or the servient estate, this Court finds that defendants failed to carry their burden in establishing a genuine issue of material fact regarding adverse possession. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Defendants maintain the burden of proving that their alleged use and possession of the property satisfies the elements of adverse possession. *Joe Johnson Co. v. Jerry Landen,* 738 P.2d 711, 713 (Wyo.1987). Here, defendants contend they adversely possessed the land because neither Lyle nor Forgey saw plaintiffs using the property, because claimants sought to purchase the property, and because claimants intended to do with the land as they saw fit. Defendants' contentions fail as a matter of law because they allege nothing material with respect to *defendants'* use and possession of the property. Thus, the Court concludes that defendants' claims of adverse possession do not raise genuine issues of material fact.

THEREFORE, IT IS

**ORDERED** that Plaintiffs' Motion for Summary Judgment be, and the same hereby, is **GRANTED.**

4. Defendants' Motion to Dismiss Chicago Northwestern Transportation Company as a Party

**ORDERED** that Defendants' Motion to Dismiss C & NT as a party be, and the same hereby is, **MOOT**.